**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Kenya FITZGERALD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 2009.

Filed Aug. 5, 2009.

the effectiveness of trial counsel for failing to object to the waiver of the presence of the trial judge and a stenographer at *voir dire*. We affirm.

¶ 2 Appellant's conviction of first degree murder [2] and related offenses arose out of the shooting death of Allahtune Shelton. Before the trial commenced, Appellant and his trial counsel signed a waiver in which he waived his rights to have: (1) the judge present during *voir dire;* and (2) the *voir dire* proceedings recorded. (*See* Appellant's Brief, at 12).[3] The trial court sentenced Appellant to life imprisonment without the possibility of parole.

¶ 3 Appellant filed a timely direct appeal raising four issues for review, two of which are relevant to the instant appeal:

1) his constitutional rights were violated because there was neither a judge nor a court reporter present during jury selection; 2) his trial counsel ineffectively failed to object to the selection of a jury without a judge and court reporter

Thomas N. Farrell, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney and Francesco L. Nepa, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: DONOHUE, CLELAND and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Kenya Fitzgerald, appeals from the order denying his petition under the Post Conviction Relief Act (PCRA)[1] entered in the Court of Common Pleas of Allegheny County. This case challenges

*Commonwealth v. Fitzgerald,* 877 A.2d 1273 (Pa.Super.2005), appeal denied, 586 Pa. 735, 891 A.2d 730 (2005), *cert. denied,* 549 U.S. 833, 127 S.Ct. 61, 166 L.Ed.2d 56 (2006). This Court affirmed the judgment of sentence and dismissed Appellant's first two claims without prejudice because, under *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), "[a]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Fitzgerald, supra* at 1274 (quoting *Grant, supra* at 739).

¶ 4 Appellant filed a timely petition for allowance of appeal to our Supreme Court;

---

1. 42 Pa.C.S.A §§ 9541–9546.

2. 18 Pa.C.S.A. § 2502(a).

3. The waiver document was not included in the record; however, the PCRA court opinion

and both Appellant's and the Commonwealth's briefs agree that the waiver at issue was signed by Appellant and his counsel. (*See* Trial Ct. Op., 11/10/08, at 2); (Appellant's Brief, at 12); (Commonwealth's Brief, at 6).

this petition was denied. Appellant's petition for writ of *certiorari* with the United States Supreme Court was denied on October 2, 2006. Thereafter, on September 7, 2007, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel for Appellant and an amended PCRA petition was filed on June 19, 2008. On August 26th, after issuing a notice of intention to dismiss, the PCRA court issued a final order dismissing the petition; Appellant subsequently filed a notice of appeal on September 16th. The PCRA court ordered Appellant to file a concise statement of errors, which he did on October 8th.

¶ 5 In the instant appeal, Appellant presents one issue for our review:

> Whether trial counsel gave ineffective assistance for failing to object and demand that an on-the-record colloquy occur as to [his] waiver of his right to have the trial court and a stenographer at the *voir dire* of the jury?

(Appellant's Brief, at 4). Specifically, he argues: (1) the waiver he signed was legally insufficient; (2) trial counsel had no reasonable basis for failing to request an on-the-record colloquy; (3) a post-conviction hearing was required for the court to determine whether counsel had a reasonable basis for his inaction; and (4) he was prejudiced because (a) he would not have waived his rights if an on-the-record colloquy was conducted; and (b) the error was a structural defect.

¶ 6 To obtain PCRA relief:

> the appellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the following statutorily enumerated factors:

* * *

> ■ (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place....

*Commonwealth v. Rios*, 591 Pa. 583, 920 A.2d 790, 799 (2007) (quoting 42 Pa.C.S.A. § 9543(a)(2)). Our standard of review in assessing a PCRA appeal or ineffective assistance of counsel is well-settled:

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court ... viewed in the light most favorable to the prevailing party.

* * *

> ■ To prevail on a claim that counsel was constitutionally ineffective, the [Appellant] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of [this] test[, also referred to as the *Pierce*[4] test,] ... will require rejection of the claim.

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa.Super.2008) (citation omitted). "In accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [*Pierce*] test." *Com-*

---

**4.** *Commonwealth v. Pierce*, 515 Pa. 153, 527   A.2d 973 (1987).

*monwealth v. Steele,* 599 Pa. 341, 961 A.2d 786, 797 (2008).

¶ 7 If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test. *Rios, supra* at 800. To establish the first prong, an appellant must demonstrate that his claim has arguable merit. *See id.* In evaluating the second prong, whether counsel had a reasonable basis for his action, "we do not question whether there were other more logical courses of action which counsel could have pursued: rather, we must examine whether counsel's decisions had any reasonable basis." *Id.* Finally, to prove the third prong, prejudice, the appellant must show that "but for the act or omission in question, the outcome of the proceedings would have been different." *Id.*

¶ 8 The *voir dire* of jurors is governed by Pa.R.Crim.P. 631 which states, in pertinent part:

(A) *Voir dire* of prospective trial jurors ... shall be conducted, and the jurors shall be selected, in the presence of a judge, **unless the judge's presence is waived** by the attorney for the Commonwealth, the defense attorney, and the defendant, with the judge's consent.

* * *

(C) *Voir dire,* including the judge's ruling on all proposed questions, shall be recorded in full **unless the recording is waived.** The record will be transcribed only upon written request of either party or order of the judge.

Pa.R.Crim.P. 631(A), (C) (emphasis added). "The manner in which *voir dire* will be conducted is left to the discretion of the trial court." *Commonwealth v. Moore,* 756 A.2d 64, 66 (Pa.Super.2000).

¶ 9 Appellant's claim fails to overcome the presumption that counsel is effective. *See Hammond, supra* at 556. Here, the PCRA court denied Appellant's petition without a hearing; it found his claim lacked arguable merit because "Pennsylvania law does not require an oral colloquy when a Defendant waives the presence of the court and a court reporter during *voir dire* and [the trial court] finds that such a colloquy is unnecessary." (PCRA Ct. Op., 11/10/08, at 2). We agree and conclude that the PCRA court's findings: (1) are supported by the record because Appellant admitted to signing the waiver; and (2) are free from legal error because Pennsylvania law does not require an on-the-record colloquy for Appellant to waive his right to have a judge present during *voir dire.* Further, Appellant fails to prove that the absence of a judge during *voir dire* implicates a constitutional right.

¶ 10 Appellant argues that, contrary to the PCRA court's assertion, his claim satisfies the arguable merit prong of the *Pierce* test because the "[d]ue process and right-to-jury-trial clauses of the state and federal constitutions implicitly guarantee the right to a trial—an entire trial, including the jury selection phase—presided over by a judge." (Appellant's Brief, at 13). Further, Appellant claims that this right is a "fundamental personal right" and thus may be waived "only if there is a voluntary, knowing, and intelligent waiver" following an on-the-record colloquy. (*Id.* at 17). However, Appellant's brief cites no case law or other pertinent authority directly supporting these assertions.[5] Rather, he analogizes his waiver of the presence of a judge during *voir dire* to waivers

---

5. *See* Pa.R.A.P. 2119 (requires that each argument be followed by discussion and citation of pertinent authorities).

of the constitutional rights to a jury trial and counsel.

¶ 11 The pertinent rule governing *voir dire*, Pa.R.Crim.P. 631, explicitly allows for waiver of a judge during *voir dire* proceedings. Pa.R.Crim.P. 631(A). The rule provides no requirements that the waiver be in writing, on the record, or knowing, voluntary, and intelligent. Conversely, a defendant may waive his constitutional right to counsel only where his/her waiver is knowing, voluntary, and intelligent. Pa.R.Crim.P. 121; *see also Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998). Similarly, waiver of the constitutional right to a jury trial requires that the trial court determine whether defendant's waiver is knowing, voluntary, and intelligent and that a colloquy appear on the record. Pa.R.Crim.P. 620. Contrary to Appellant's contention that *voir dire* requires similar procedures as waivers of the rights to counsel and a jury trial, where a defendant, in consultation with counsel, waives his right to have a judge present during *voir dire*, neither the statute nor any case law requires that the defendant's waiver be knowing, voluntary, and intelligent or confirmed by an on-the-record oral colloquy.[6] Therefore, because Appellant, his trial counsel, and the Commonwealth agreed to waive the presence of the judge during *voir dire* pursuant to Pa.R.Crim.P. 631(A), his claim lacks arguable merit and, thus, fails to meet the first prong of the *Pierce* test.[7] Because Appellant fails to satisfy the first prong of the *Pierce* test, it is unnecessary that we determine whether trial counsel had a reasonable basis for his inaction. *See Hammond, supra* at 556.

¶ 12 Moreover, Appellant makes no argument that the outcome would have been different but for his trial counsel's ineffectiveness. To prove prejudice, Appellant relies on our Supreme Court's holding in *Commonwealth v. Mallory*, 596 Pa. 172, 941 A.2d 686 (2008), that the proper standard of prejudice is not whether the outcome would have been different but rather if an appellant would have chosen not to waive the right in question had the waiver been sufficient. *Id.* at 702–704. Appellant's reliance on *Mallory* is misplaced. The standard enunciated in *Mallory* is inapplicable to the instant appeal; in *Mallory*, the right at issue was the well-recognized constitutional right to a jury trial, not the waiving of the presence of a judge at *voir dire*. *See id.* Here, there was overwhelming evidence presented at trial to convict Appellant of first-degree murder. (PCRA Ct. Op. at 3) *See also Fitzgerald, supra* at 1273–74 (witness was present in the van where, in the course of an argument with Shelton, Appellant fired two shots, one of which struck Shelton in the chest, killing him). Appellant makes no assertion that this conviction was the product of biased jurors or even potentially biased jurors. Absent any showing of prejudice, even if Appellant's claim did

---

6. Although we are not bound by it, we find persuasive the Eastern District's opinion in *Taylor v. U.S.*, 386 F.Supp. 132 (E.D.Pa.1974). In *Taylor*, the court addressed the issue of whether, absent any showing of prejudice to defendant, relief is required where the trial judge absented himself from the court room during *voir dire*. *Id.* at 133. The Court held that the appellant was not entitled to relief where he signed the waiver, this was not contested during trial, and there was no showing of prejudice. *Id.* at 146.

7. The trial court issued 1925(a) opinion for Appellant's direct appeal which stated: "it is customary in this county not to have a judge or court reporter present during jury selection in non-capital cases." (Trial Ct. Op., 8/24/04, at 3). Even if this is an irregularity, "[Appellant] is not necessarily entitled to relief simply because of some imperfections in the trial, so long as he has been accorded a fair trial." *See Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 135 (2008) (citation omitted).

have arguable merit, it would necessarily fail to merit relief. *See Rios, supra.*

¶ 13 Order affirmed.