J-S48020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SADE O. STEWART | |
| Appellant | No. 27 MDA 2014 |

Appeal from the PCRA Order December 4, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005499-2009

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 06, 2014**

Sade Stewart ("Appellant") appeals from the order entered December 4, 2013, by the Honorable John F. Cherry, Court of Common Pleas of Dauphin County, which denied Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

Following a jury trial, Appellant was convicted of attempted murder,[2] aggravated assault[3] (two counts), persons not to possess firearms,[4] and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9541, et seq.

[2] 18 Pa.C.S. § 901.

[3] 18 Pa.C.S. § 2702.

[4] 18 Pa.C.S. § 6105.
*(Footnote Continued Next Page)*

simple assault.[5]  On December 15, 2010, the trial court sentenced Appellant to an aggregate term of 10 to 20 years of imprisonment.  On direct appeal, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Stewart***, 51 MDA 2011 (Pa.Super., filed September 20, 2011) (unpublished memorandum).

On October 24, 2012, Appellant filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel who filed an amended PCRA petition on January 28, 2013.  The PCRA court conducted a hearing on July 23, 2013, and denied the petition on December 4, 2013.  This timely appeal followed.

On appeal, Appellant argues that trial counsel was ineffective for failing to call certain individuals to testify at trial.  ***See*** Appellant's Brief, pp. 8-11.  In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

*(Footnote Continued)* ─────────────────

[5] 18 Pa.C.S. § 2701.

This Court follows the **Pierce**[6] test adopted by our Supreme Court to review PCRA claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

> [I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for

---

[6] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

- 3 -

the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super.2012).

We have examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the PCRA court's Pa.R.A.P. 1925(a) Opinion dated February 27, 2014 ("1925(a) Opinion") and the October 15, 2013 Notice of Intent to Dismiss and Memorandum Opinion ("Notice of Intent to Dismiss"), upon which the 1925(a) Opinion is based and which it incorporates, both of which address the issues raised and argued by Appellant on PCRA and the instant appeal. We conclude Judge Cherry's thorough and well-reasoned 1925(a) Opinion and Notice of Intent to Dismiss accurately dispose of the issues Appellant raises on appeal. Accordingly, we incorporate the 1925(a) Opinion and affirm the denial of Appellant's PCRA petition on that basis. *See* 1925(a) Opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2014

- 4 -

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA

vs. : NO. 5499 CR 2009

SADE O. STEWART : POST CONVICTION RELIEF ACT

### TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court of Pennsylvania is the appeal of Sade O. Stewart (Appellant) from this Court's December 4, 2013 Order wherein we dismissed Appellant's Petition for Relief Pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 4951, et seq.

### Procedural History

Appellant was charged with one count of criminal attempt,[1] two counts of aggravated assault,[2] one count of person not to possess a firearm,[3] and one count of simple assault.[4] Appellant was tried before a jury of her peers beginning on October 25, 2010. On October 28, 2010, the jury returned a verdict of guilty on all counts. Following a pre-sentence investigation this Court sentenced Appellant on December 15, 2010 as follows:

Count 1 — Criminal attempt murder: Ten (10) to Twenty (20) years in a state correctional institution, a fine of $1,000.00 and the costs of the proceedings;

Count 2 — Aggravated assault: Two (2) to Four (4) years in a state correctional institution, a fine of $500.00 plus costs of the proceedings to run concurrent with Count 1;

Count 3 - Aggravated assault: Merged with Count 2;

---

[1] 18 Pa.C.S. § 901
[2] 18 Pa.C.S. § 2702
[3] 18 Pa.C.S. § 6105
[4] 18 Pa.C.S. § 2701

Count 4 -   Person not to possess a firearm: Four (4) to Eight (8) years in a state correctional institution, a fine of $500.00 and costs of the proceedings, concurrent with Count 1;[3]

Count 5 -   Simple assault: One (1) to Two (2) years in a state correctional institution and costs of the proceedings, concurrent with Count 1.

Appellant was given time credit from May 14, 2010 to December 15, 2010. Appellant filed a post-sentence motion on December 21, 2010 and this Court denied Appellant's motion on December 17, 2010. On January 5, 2011, Appellant filed a Notice of Appeal through her appointed counsel, Wendy Grella, Esquire. This Court then ordered Appellant to file a Concise Statement of Errors Complained of on Appeal on January 5, 2011. Appellant requested an extension to file her Statement of Errors on January 18, 2011 to which this Court granted Appellant's time extension on January 19, 2011. Thereafter, Appellant timely filed her Statement of Errors on February 28, 2011. This Court filed a Memorandum Opinion pursuant to Pa.R.A.P. 1925(a) on May 9, 2011. The Superior Court of Pennsylvania affirmed this Court's December 15, 2010 judgment of sentence on April 19, 2012. Appellant subsequently filed a PCRA petition, a Motion to Proceed in Forma Pauperis, a Motion for Appointment of Counsel and a Petition for Funding for Private Investigator on October 24, 2012. This Court granted Appellant's Motion to Proceed in Forma Pauperis and also appointed Jennifer E. Tobias, Esquire on October 31, 2012 to represent Appellant during post-conviction review and ordered that Attorney Tobias file a supplemental PCRA petition on Appellant's behalf within thirty (30) days of this Court appointing her as counsel. Attorney Tobias requested an extension to file a supplemental PCRA petition to which this Court granted her a sixty (60) day extension on

---

[3] Prior to trial, Appellant's attorney, Royce Morris, Esquire, made a motion in limine to sever Count 3 due to the fact that entering evidence that Appellant had a criminal history to support that charge would have been prejudicial. This Court granted that motion, and Appellant pled guilty to that charge before the Honorable Bruce F. Bratton on March 30, 2011. Judge Bratton subsequently sentenced Appellant to serve four-to-eight years in a state correctional institution, concurrent with Count 1.

2

November 27, 2012. On January 28, 2013, Attorney Tobias filed a supplemental PCRA petition on Appellant's behalf. Subsequently, this Court ordered the Commonwealth to respond to Appellant's supplemental PCRA petition within thirty (30) days on January 30, 2013. On March 1, 2013, the Commonwealth submitted an Answer. On March 29, 2013, this Court filed a Memorandum Opinion and Order scheduling an evidentiary hearing for June 17, 2013. The March 29, 2013 Order was amended on May 16, 2013 to permit Appellant to call Samone Stewart and Jerel Stewart as witnesses at the evidentiary hearing. On June 3, 2013, Appellant filed a Petition for Writ of Habeas Corpus. This Court filed an Order on June 18, 2013 re-scheduling the evidentiary hearing for July 23, 2013. The transcript of those proceedings was produced on August 26, 2013. The Commonwealth filed its Brief in Response to Appellant's PCRA Petition on September 20, 2013. On September 23, 2013, Appellant filed her Brief Regarding the Evidentiary Hearing Held Pursuant to the PCRA. This Court filed a Memorandum Opinion and Notice of our Intent to Dismiss Appellant's Petition on October 15, 2013. On November 4, 2013, Appellant filed a Brief in Response to the Proposed Dismissal of Appellant's PCRA Petition. The Commonwealth filed its Response to Appellant's Brief in Response to Proposed Dismissal on November 27, 2013. Thereafter, this Court dismissed Appellant's PCRA Petition on December 4, 2013. On December 31, 2013, Appellant filed Notice of Appeal to the Superior Court. This Court entered an Order on January 2, 2014 directing Appellant to file a Concise Statement of Errors pursuant to Pa. R.A.P. 1925(b). Appellant timely filed a Statement of Errors on January 15, 2014.

## Appellant's Statement of Matters Complained of on Appeal

In her statement pursuant to Pa.R.A.P. 1925(b), Appellant alleges that trial counsel was ineffective for failing to call witnesses on Appellant's behalf at trial.

## Factual Background

The facts giving rise to this appeal have been discussed at length in this Court's Trial Court Memorandum Opinion dated May 6, 2011, which we incorporate by reference.

## Discussion

To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime . . . (2) that the conviction or sentence resulted from one or more of the following: (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent; (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;... (vi) The imposition of a sentence greater than the lawful maximum; (vii) A proceeding in a tribunal without jurisdiction; (3) That the allegation of error has not been previously litigated or waived; (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a).

In reviewing a claim of ineffectiveness of counsel, we begin with the presumption that trial counsel rendered effective assistance. Commonwealth v. Lesko, 744 A.3d 345, 374 (Pa. 2011). To obtain relief on an ineffective assistance claim, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such

4

performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Pennsylvania, the determination of ineffective assistance of counsel is a three-prong test. Specifically, a petitioner must show that (1) the underlying claim is of arguable merit, (2) no reasonable basis existed for counsel's action or inaction, and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). To demonstrate that counsel was ineffective for failing to call a witness, Petitioner must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. Commonwealth v. Washington, 927 A.2d 586, 599 (Pa. 2007).

This Court previously discussed its rationale for dismissing Appellant's PCRA petition in our October 15, 2013 Memorandum Opinion and Notice of Intent to Dismiss. As Appellant alleges identical errors in her Statement of Errors Complained of on Appeal, this Court will discuss its reasoning for dismissing Appellant's PCRA petition.

Appellant alleges that trial counsel was ineffective for failing to call witnesses on Appellant's behalf at trial. A PCRA hearing was held on July 23, 2013, where Appellant, Samone Stewart (Appellant's Sister) and Jerel Stewart (Appellant's Brother) testified.

Appellant testified that she spoke to Attorney Morris on two occasions about having her brother and sister testify on her behalf. (Notes of Testimony, July 23, 2013 at 4-6, 8). Appellant testified that "technically" she did not speak to her brother or sister about testifying, but she did tell them to call her lawyer. (N.T., at 6). Appellant further indicated that Jerel Stewart did not

9

witness any previous altercations between Appellant and the victim because he had been incarcerated during that time. (N.T., at 7, 11-12). Appellant stated that Samone Stewart witnessed an altercation between Appellant and the victim shortly before the incident. (N.T., at 7).

Samone Stewart testified that Appellant never asked her to testify at trial and added that she never had any contact with Appellant's attorney about testifying. (N.T., at 16). Samone Stewart indicated that she did observe an altercation between Appellant and the victim, but that she was not a witness to the incident for which Appellant was on trial. (N.T., at 17-18).

Jerel Stewart testified that because he was incarcerated and serving a life sentence, he was not present at Appellant's trial. (N.T. at 21). He also testified that he never witnessed any kind of altercations between the victim and Appellant because he was incarcerated. (N.T 21-22). He finally indicated that if he had testified, he did not know what he would have testified to since he never witnessed any incidents between the Appellant and the victim. (N.T. at 22).

Royce Morris, Esquire, served as counsel for Appellant at trial. (N.T., at 23). Attorney Morris testified that he did not recall Appellant ever speaking to him about having Samone Stewart and Jerel Stewart testify at trial. (N.T. at 24). We note that Attorney Morris testified that if the victim had a history of being abusive to Appellant, it would have been relevant. (N.T. at 25). However, Attorney Morris added that the only reason he did not present this information was because it was not available to him and he had not been presented with any history of abuse. (N.T. at 25).

Since Attorney Morris was never made aware of the information regarding a history of abuse which Appellant alleged that Samone Stewart and Jarel Stewart possessed, there was no reason for counsel to call them as witnesses at trial. Additionally, this Court found the testimony

of Attorney Morris to be more credible than Appellant's testimony. Jerel Stewart admitted that he never witnessed any incidents that may have occurred between Appellant and the victim and that he did not even know what he would have testified to at trial. Since Jerel Stewart was incapable of providing any relevant testimony, Appellant was not prejudiced.

At trial, evidence included the testimony of several people who witnessed Appellant hitting the bloody victim with a gun in her hand, pointing the gun at the victim and pulling the trigger. (Notes of Testimony of Jury Trial, at 158-59; 265-270; 294-97). For these reasons, Appellant failed to prove that the absence of testimony was so prejudicial that it denied her a fair trial. Therefore, Appellant's claim that Attorney Morris was ineffective for failing to call witnesses at trial on her behalf is without merit.

Accordingly, we ask the Superior Court to affirm our December 4, 2013 Order and to dismiss the appeal in this matter.

Respectfully Submitted:

John F. Cherry, Judge

Date: February 27, 2014

2014 FEB 27 PM 3:28
DAUPHIN COUNTY PENNA
RECEIVED
OFFICE OF
CLERK OF COURTS

Distribution:
The Superior Court of Pennsylvania
Sade Stewart, OR-2801, SCI Muncy, P.O. Box 180, Muncy, PA 17756
Jennifer Tobias, Esquire, P.O. Box 365, Stewartstown, PA 17363
Dauphin County District Attorney's Office
Victor Riley, Esquire, Court Administration
Judge Cherry

7

COMMONWEALTH OF PENNSYLVANIA ⠀:⠀ IN THE COURT OF COMMON PLEAS
⠀:⠀ DAUPHIN COUNTY, PENNSYLVANIA
⠀:
⠀:
vs. ⠀:⠀ NO. 5499 CR 2009
⠀:
⠀:
SADE O. STEWART ⠀:⠀ POST CONVICTION RELIEF ACT

## ORDER

AND NOW, this __15th__ day of October, 2013, upon consideration of Petitioner Sade Stewart's Motion for Post Conviction Collateral Relief, the Commonwealth's Brief in Response to Defendant's PCRA Petition and upon consideration of the relevant statutory and case law, this Court finds that Petitioner Sade Stewart is not entitled to post conviction collateral relief. Therefore, NOTICE IS HEREBY GIVEN of this Court's intention to DISMISS her Motion for Post Conviction Collateral Relief. Petitioner is advised that she may respond to the proposed dismissal within twenty (20) days of the date of this notice. IT IS FURTHER ORDERED that Petitioner's Motion for Funding for a Private Investigator is DENIED.

BY THE COURT:

_John F. Cherry_
John F. Cherry, Judge

Distribution: 10-15-13 @ 3:18
Jennifer E. Tobias, Esquire, P.O. Box 365, Stewartstown, PA 17363 ⠀Mail
Andrew J. Jarbola, Deputy District Attorney, Dauphin County District Attorney's Office ⠀IO
Victor Riley, Esquire, Deputy Court Administrator ⠀IO
Clerk of Courts ⠀GMS
Judge Cherry

8

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS
                                         : DAUPHIN COUNTY, PENNSYLVANIA
                                         :

                   vs.                         : NO. 5499 CR 2009
                                           :

SADE O. STEWART                      : POST CONVICTION RELIEF ACT

## MEMORANDUM OPINION

Presently before this Court is Sade O. Stewart's (Petitioner) Brief Regarding the Evidentiary Hearing Held Pursuant to the Post Conviction Relief Act (PCRA) and the Commonwealth's Brief in Response to Defendant's PCRA Petition.

## Procedural History

Petitioner was charged with one count of criminal attempt,[1] two counts of aggravated assault,[2] one count of person not to possess a firearm,[3] and one count of simple assault.[4] Petitioner was tried before a jury of her peers beginning on October 25, 2010. On October 28, 2010, the jury returned a verdict of guilty on all counts. Following a pre-sentence investigation this Court sentenced Petitioner on December 15, 2010 as follows:

Count 1 — Criminal attempt murder: Ten (10) to Twenty (20) years in a state correctional institution, a fine of $1,000.00 and the costs of the proceedings;

Count 2 — Aggravated assault: Two (2) to Four (4) years in a state correctional institution, a fine of $500.00 plus costs of the proceedings to run concurrent with Count 1;

Count 3 - Aggravated assault: Merged with Count 2;

---

[1] 18 Pa.C.S. § 901
[2] 18 Pa.C.S. § 2702
[3] 18 Pa.C.S. § 6105
[4] 18 Pa.C.S. § 2701

Count 4 - Person not to possess a firearm: Four (4) to Eight (8) years in a state correctional institution, a fine of $500.00 and costs of the proceedings, concurrent with Count 1;[5]

Count 5 - Simple assault: One (1) to Two (2) years in a state correctional institution and costs of the proceedings concurrent with Count 1.

Petitioner was given time credit from May 14, 2010 to December 15, 2010. Petitioner filed a post-sentence motion on December 21, 2010 and this Court denied Petitioner's motion on December 27, 2010. On January 5, 2011, Petitioner filed a Notice of Appeal through her appointed counsel, Wendy Grella, Esquire. This Court then ordered Petitioner to file a Concise Statement of Errors Complained of on Appeal on January 5, 2011. Petitioner requested an extension to file her Statement of Errors on January 18, 2011 to which this Court granted Petitioner's time extension on January 19, 2011. Thereafter, Petitioner timely filed her Statement of Errors on February 28, 2011. The Superior Court of Pennsylvania affirmed this Court's December 15, 2010 judgment of sentence on April 19, 2012. Petitioner subsequently filed a PCRA petition, a Motion to Proceed in Forma Pauperis, a Motion for Appointment of Counsel and a Petition for Funding for Private Investigator on October 24, 2012. This Court granted Petitioner's Motion to Proceed in Forma Pauperis and also appointed Jennifer E. Tobias, Esquire on October 31, 2012 to represent Petitioner during post-conviction review and ordered that Attorney Tobias file a supplemental PCRA petition on Petitioner's behalf within 30 days of this Court appointing her as counsel. Attorney Tobias requested an extension to file a supplemental PCRA petition to which this Court granted her a 60-day extension on November

---

[5] Prior to trial, Appellant's attorney, Royce Morris, Esquire, made a motion in limine to sever Count 3 due to the fact that entering evidence that Appellant had a criminal history to support that charge would have been prejudicial. This Court granted that motion, and Appellant pled guilty to that charge before the Honorable Bruce F. Bratton on March 30, 2011. Judge Bratton subsequently sentenced Appellant to serve four-to-eight years in a state correctional institution, concurrent with Count 1.

2

27, 2012. On January 28, 2013, Attorney Tobias filed a supplemental PCRA petition on Petitioner's behalf. Subsequently, this Court ordered the Commonwealth to respond to Petitioner's supplemental PCRA petition within 30 days on January 30, 2013. On March 1, 2013, the Commonwealth submitted its Answer. On March 29, 2013, this Court filed a Memorandum Opinion and Order scheduling an evidentiary hearing for June 17, 2013. The March 29, 2013 Order was amended on May 16, 2013 to permit Petitioner to call Samone Stewart and Jerel Stewart as witnesses at the evidentiary hearing. On June 3, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. This Court filed an Order on June 18, 2013 re-scheduling the evidentiary hearing for July 23, 2013. The transcript of those proceedings was produced on August 26, 2013. The Commonwealth filed its Brief in Response to Defendant's PCRA Petition on September 20, 2013. On September 23, 2013, Petitioner filed her Brief Regarding the Evidentiary Hearing Held Pursuant to the PCRA.

## Petitioner's Motion for Post Conviction Relief

Petitioner claims she is eligible for relief premised upon "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. 9543(a)(2)(ii). In support of her ineffective assistance of counsel claim, Petitioner argues that her trial counsel, Royce Morris, Esquire, was ineffective for failing to call witnesses at trial on Petitioner's behalf.

## PCRA Hearing

3

At the evidentiary hearing held in this matter on July 23, 2013, Petitioner testified that she spoke to Attorney Morris on two occasions about having her brother and sister testify on her behalf. (Notes of Testimony of PCRA Evidentiary Hearing, July 23, 2013 at 4-6, 8). Petitioner further testified that "technically" she did not speak to her brother or sister about testifying, but she did tell them to call her lawyer. (N.T. at 6). Petitioner indicated that her brother, Jerel Stewart, did not witness any previous altercations between Petitioner and the victim because he had been incarcerated. (N.T. at 7, 11-12). Petitioner further indicated that her sister, Samone Stewart, witnessed an altercation between Petitioner and the victim shortly before the incident. (N.T. at 7). Samone asserted that Petitioner never asked her to testify at trial and that she never had any contact with Petitioner's attorney about testifying. (N.T. at 16).

Jerel testified that he was not present at Petitioner's trial because he was serving a life sentence for a murder conviction. (N.T. at 21). He indicated that because of his incarceration he never witnessed any previous altercations between the Petitioner and victim. (N.T. 21-22). He further indicated that if he had testified on Petitioner's behalf, he did not know what he would have testified to since he never witnessed any previous incidents. (N.T. at 22).

Attorney Morris indicated that he did not remember Petitioner having any conversation with him regarding Samone and Jerel testifying on her behalf. (N.T. at 24). He indicated that testimony regarding prior abuse would have been relevant, but that he did not use that information because it had not been presented to him. (N.T. at 25).

## Discussion

To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, all of the following:

4

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime . . . (2) that the conviction or sentence resulted from one or more of the following: (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent; (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;... (vi) The imposition of a sentence greater than the lawful maximum; (vii) A proceeding in a tribunal without jurisdiction; (3) That the allegation of error has not been previously litigated or waived; (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a).

In reviewing a claim of ineffectiveness of counsel, we begin with the presumption that trial counsel rendered effective assistance. Commonwealth v. Basemore, 744 A.2d 717, 728 n. 10 (Pa. 2000). To obtain relief on an ineffective assistance claim, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Pennsylvania, the determination of ineffective assistance of counsel is a three-prong test. Specifically, a petitioner must show that (1) the underlying claim is of arguable merit, (2) no reasonable basis existed for counsel's action or inaction, and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). To demonstrate that counsel was ineffective for failing to call a witness, Petitioner must demonstrate

5

that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. Commonwealth v. Washington, 927 A.2d 586, 599 (Pa. 2007).

Here, we address whether Attorney Morris was ineffective for failing to call witnesses at trial on Petitioner's behalf. Attorney Morris testified that he did not remember Petitioner ever having a conversation with him regarding Samone or Jarel testifying on her behalf. He indicated that if he had been aware of past abuse, it would have been relevant to Petitioner's defense. However, since counsel was unaware of the information Petitioner now claims her brother and sister possessed, it would not have been possible for counsel to call these witnesses to testify. In addition, this Court found the testimony of Attorney Morris more credible than that of Petitioner. Therefore, the claim that counsel knew of or should have known of the existence of the witnesses is without merit.

Additionally, because Jarel was incarcerated during the time Petitioner had a relationship with the victim, he never witnessed any incidents that may have occurred between the Petitioner and victim during that time. Since Jerel was incapable of testifying as to any knowledge of prior altercations between Petitioner and the victim, Petitioner was not prejudiced by the absence of his testimony.

Samone indicated that she never had any discussions with Petitioner about testifying at trial. Though she testified that she witnessed a prior incident between the Petitioner and victim, this information was not brought to counsel's attention. Additionally, there was a great deal of evidence to support Petitioner's conviction even if Samone and Jerel had testified. This evidence

6

included the testimony of several people who witnessed Petitioner hitting the bloody victim with a gun in her hand, pointing the gun at the victim and pulling the trigger. (Notes of Testimony of Jury Trial, at 158-59; 265-270; 294-97). For these reasons, Petitioner has failed to prove that the absence of testimony was so prejudicial that it denied her a fair trial.

Therefore, Petitioner's claim that Attorney Morris was ineffective for failing to call witnesses at trial on her behalf is without merit.


Accordingly, we enter the following: