J-S43044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KATHY ANN HOSLER | |
| Appellant | No. 2048 MDA 2015 |

Appeal from the PCRA Order October 22, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001494-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 13, 2016**

Kathy Ann Hosler ("Appellant") appeals from the order entered in the Schuylkill County Court of Common Pleas, which dismissed her petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court sets forth the following relevant factual and procedural history of this appeal:

> On April 7, 2014[,] after a jury trial, [Appellant] was found guilty of [c]riminal [t]respass[,] 18 Pa.C.S. § 3503(a)(1)(i), [r]esisting [a]rrest[,] 18 Pa.C.S. § 5104[,] and [d]isorderly [c]onduct[,] 18 Pa.C.S. § 5503(a)(2).[2]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant's convictions stem from a confrontation between Appellant and Joseph M. Reppert regarding which one of them owned the property at 527 N. Third Street in Pottsville, Pennsylvania ("the property").  Appellant was in the property that she once owned when Mr. Reppert arrived and told her

*(Footnote Continued Next Page)*

This [c]ourt sentenced [Appellant] on May 22, 2014 to a term of imprisonment of five (5) days to twenty-three (23) months [for c]riminal [t]respass. [Appellant] was also sentenced to five (5) days to twenty-three (23) months [for r]esisting [a]rrest[,] with the sentence running concurrent to the [c]riminal [t]respass sentence. With regards to the [d]isorderly [c]onduct charge, [Appellant] was sentenced to serve six (6) months' probation again concurrent to the sentence for [c]riminal [t]respass. [Appellant] was given credit of five (5) days and was granted immediate parole.[3]

PCRA Court Opinion, filed October 23, 2015, at 2-3.

Appellant did not file a direct appeal. On April 6, 2015, Appellant filed a counseled PCRA petition. In the petition, she alleged that trial counsel was ineffective for advising her not to testify and that the person who testified at her criminal trial was not Joseph **M**. Reppert, but Joseph **A**. Reppert, who was pretending to be Joseph **M**. Reppert. The PCRA court conducted a hearing on October 7, 2015 and denied her petition on October 22, 2015.[4]

*(Footnote Continued)* ─────────────

that he was the owner of the property, because he bought the property after a sheriff's sale.

[3] On June 5, 2014, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of counsel. The court dismissed this petition on June 10, 2014, because Appellant's time to file a direct appeal had not yet expired. On July 31, 2014, the Commonwealth filed a motion to revoke parole because Appellant struck an officer who attempted to arrest her for failing to report to her probation officer. On August 18, 2014, the trial court revoked the parole, sentenced Appellant to the original sentence, and ordered Appellant to submit to a full mental health evaluation before reapplying for parole.

[4] This order was filed on October 23, 2015.

On November 20, 2015, Appellant filed a notice of appeal. The court did not order, and Appellant did not file, a concise statement of errors pursuant to Pa.R.A.P. 1925(b). On December 3, 2015, the trial court adopted its October 23, 2015 opinion issued in support of its order denying Appellant's PCRA petition as its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following question for our review:

> DID THE PCRA COURT ERR WHEN IT DETERMINED THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CALL THE APPELLANT TO TESTIFY ON HER OWN BEHALF CONSIDERING THE FACT THAT THE COMMONWEALTH WAS REQUIRED TO PROVE THE APPELLANT[']S STATE OF MIND TO GET A CONVICTION FOR CRIMINAL TRESPASS?

Appellant's Brief at 4.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his or her conviction or sentence was the result of one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that

no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Here, Appellant claims her conviction was the result of her trial counsel's ineffectiveness. Specifically, she claims counsel was ineffective for preventing her from testifying at her criminal trial. She contends her testimony about her understanding of whether she was licensed or privileged to enter the property was extremely relevant to her criminal trespass charge, and her counsel's advice not to testify resulted in her conviction.

She concludes she is entitled to testify on her own behalf at a new trial.  We disagree.

This Court follows the **Pierce**[5] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different.  We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted).  "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test."  **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (Pa.2010) (citation omitted).

---

[5] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

"Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." **Commonwealth v. Miller**, 987 A.2d 638, 660 (Pa.2009) (internal quotations and citations omitted).

Appellant claims counsel's advice not to testify conflicted with her express wishes to do the opposite. The record, however, shows she made an intelligent decision not to testify on her on behalf. During her criminal trial, the following transpired:

> THE COURT: [Appellant], you thoroughly discussed [your decision not to testify] with [trial counsel]; is that right?
>
> [APPELLANT]: Yes.
>
> THE COURT: And you're satisfied?
>
> [APPELLANT]: Yes.
>
> THE COURT: And do you have any questions as to why you shouldn't testify or why you're not testifying? Not of me, but you're satisfied with your discussion with her?
>
> [APPELLANT]: Correct.
>
> THE COURT: I don't have to be privy to it, but I want to make sure. A lot of times after a verdict comes back and it's guilty, then the defendant comes back and says, Wait a second. I wanted to testify. My counsel was incompetent for advising me not to testify. But you discussed with [counsel] the pros and cons and the pluses and negatives of testifying or not testifying?

[APPELLANT]:  Yes, I did.

N.T., April 7, 2015, at 79-80.

Further, at the PCRA hearing, she testified:

I would not say [counsel] talked me out of [testifying].  She advised me based on her reading of the jury.  My comment to her was I said, I don't understand how the jury can understand how I did not know my house had sold if I can't explain it to them.  She talked to me about the jury; how she was reading the jury; and I said, I'm trusting you on this.

N.T., October 7, 2015, at 13.

The PCRA court determined that Appellant's ineffective assistance of counsel claim fails, because she failed to prove trial counsel interfered with her right to testify or gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on her own behalf.  This finding is supported by the evidence of record and is free of legal error.  ***See Miller***, ***supra.***

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016