J-S51038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS RAMOS, | |
| Appellant | No. 2771 EDA 2015 |

Appeal from the PCRA Order September 4, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0709251-2006
CP-51-CR-0803171-2005

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED AUGUST 05, 2016**

Appellant, Jesus Ramos, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

We take the following history of this case from the PCRA court's October 22, 2015 opinion, and our independent review of the certified record.  On May 18, 2006, following a waiver trial in case number CP-51-CR-0803171-2005, the trial court convicted Appellant of aggravated assault and related charges for his July 23, 2005 assault of his ex-girlfriend.  On September 26, 2006, prior to the court imposing sentence on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

convictions, Appellant pleaded guilty in case number CP-51-CR-0709251-2006 to the charges of forgery and conspiracy. These charges arose from Appellant's April 26, 2006 attempt to cash two checks stolen from a daycare center. The trial court immediately sentenced Appellant in the aggravated assault and forgery cases to an aggregate term of five years' non-reporting probation, plus restitution in the amount of $1,102.00.

On August 6, 2009, Appellant was convicted in a subsequent case of third degree murder, conspiracy, and unlawful possession of a firearm, for his role as the driver in a drive-by shooting. (*See* N.T. VOP Hearing, 11/03/09, at 4-6). In approximately September, 2009, Appellant was sentenced on these convictions to a term of incarceration of not less than seven-and-one-half nor more than fifteen years. (*See id.* at 18).

On November 3, 2009, the trial court, which had presided over the aggravated assault and forgery cases, held a violation of probation (VOP) hearing. The court sentenced Appellant to an aggregate term of incarceration of not less than eight-and-one-half nor more than seventeen years, consecutive to the sentence imposed in Appellant's murder case. (*See id.* at 46-47). Appellant timely appealed, and this Court affirmed the VOP sentence on July 28, 2011. (*See Commonwealth v. Ramos*, 32 A.3d 284 (Pa. Super. 2011)). On January 12, 2012, the Pennsylvania Supreme Court denied further review. (*See Commonwealth v. Ramos*, 37 A.3d 1195 (Pa. 2012)).

- 2 -

On September 18, 2012, Appellant filed a timely *pro se* first PCRA petition. On July 1, 2013, the court appointed counsel, who filed an amended petition on November 9, 2014. After providing Rule 907 notice,[1] *see* Pa.R.Crim.P. 907(1), the court denied the petition on September 4, 2015, without a hearing. Appellant timely appealed.[2]

Appellant raises two questions for this Court's review.

I. Whether the [PCRA court] was in error in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [VOP] counsel's ineffectiveness[?]

II. Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging [VOP] counsel was ineffective[?]

(Appellant's Brief, at 8).

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing . . . such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are

---

[1] The court's September 4, 2015 order states that it sent a Rule 907 notice to Appellant. (*See* Order, 9/04/15, at 1). Although the certified record does not contain a copy of it, we will presume that the notice was sent where Appellant does not contend otherwise.

[2] Appellant filed a timely Rule 1925(b) statement on October 20, 2015, and the court filed an opinion on October 22, 2015. *See* Pa.R.A.P. 1925(a).

- 3 -

binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted).

In his first issue, Appellant challenges the PCRA court's decision to deny his PCRA petition without an evidentiary hearing. (***See*** Appellant's Brief, at 17-18). Appellant's issue is waived.

> [W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. ***See*** [] Pa.R.A.P. 2119(a) (each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent"). It is not the obligation of [an appellate c]ourt . . . to formulate Appellant's arguments for him.

***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) (case citations omitted).

Here, Appellant fails even to identify what issues he raised in the PCRA petition for which a hearing was required. (***See*** Appellant's Brief, at 17-18). Further, he provides no pertinent discussion or citation of legal authority in support of his claim that the PCRA court erred in denying his petition without conducting an evidentiary hearing, and only cites cases for general legal principles. (***See id.***); ***see also*** Pa.R.A.P. 2119(a)-(b). In fact, although Appellant acknowledges that there is no absolute right to an evidentiary hearing on a PCRA petition, he fails to set forth any pertinent discussion explaining why he established a right to such a hearing in his case. (***See***

Appellant's Brief, at 17-18). Therefore, because it is not our role to develop an argument on his behalf, we deem Appellant's first issue waived.[3] ***See Johnson***, ***supra*** at 924.

In his second claim, Appellant challenges the court's denial of his PCRA petition, which alleged the ineffective assistance of VOP counsel. (***See*** Appellant's Brief, at 18-21). Appellant's claim is waived and would lack merit.

We observe that the argument section of Appellant's brief addressing his second issue also fails to meet the requirements of Rule 2119. (***See*** Appellant's Brief, at 18-21); Pa.R.A.P. 2119(a)-(b). Although Appellant provides citation to legal authority setting forth boilerplate law for ineffective assistance of counsel,[4] (***see*** Appellant's Brief, at 18-19), he utterly fails to provide pertinent citation and discussion in support of his bald claims that

_____

[3] Also, based on our independent review of the record, we conclude that it supports the decision of the PCRA court, which had presided over Appellant's aggravated assault trial, his forgery and conspiracy guilty plea, and the VOP hearing, to deny his petition without an evidentiary hearing. ***See Mason***, ***supra*** at 617. Therefore, this claim would lack merit.

[4] Appellant also cites 42 Pa.C.S.A. § 9771(c) in support of his claim that "[n]othing in the record lends support to the notion that it was 'essential' to incarcerate Appellant to 'vindicate the authority of the court.'" (Appellant's Brief, at 20) (citing 42 Pa.C.S.A. § 9771(c)(3)). However, this Court already has found that "[Appellant's] sentence was not excessive or manifestly unreasonable." (***Commonwealth v. Ramos***, No. 3584 EDA 2009, unpublished memorandum, at *6 (Pa. Super. filed July 28, 2011)). Therefore, any attempt by Appellant to challenge VOP counsel's representation on the basis of his sentence, would lack merit. ***See Fitzgerald***, ***infra*** at 910-11.

counsel's actions were unreasonable and prejudicial. (**See id.** at 18-21).

Therefore, Appellant's issue is waived. **See Johnson**, **supra** at 924.

Moreover, it would not merit relief.

> To prevail on a claim that counsel was constitutionally ineffective, the [Appellant] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of [this] test[, also referred to as the **Pierce**[a] test,] . . . will require rejection of the claim.
>
> > [a] **Commonwealth v. Pierce**, . . . 527 A.2d 973 ([Pa.] 1987).
>
> In accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [**Pierce** ] test.
>
> If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test. To establish the first prong, an appellant must demonstrate that his claim has arguable merit. In evaluating the second prong, whether counsel had a reasonable basis for his action, we do not question whether there were other more logical courses of action which counsel could have pursued: rather, we must examine whether counsel's decisions had any reasonable basis. Finally, to prove the third prong, prejudice, the appellant must show that but for the act or omission in question, the outcome of the proceedings would have been different.

**Commonwealth v. Fitzgerald**, 979 A.2d 908, 910-11 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010) (citations and quotation marks omitted).

Here, the argument section of Appellant's brief utterly fails to "set forth and **individually discuss substantively** each prong of the [**Pierce**] test." **Id.** (citation omitted) (emphasis added). Instead, Appellant merely sets forth meager record citation allegedly evidencing counsel's ineffective representation, and then concludes he is entitled to relief because counsel had no reasonable basis for his actions. (**See id.** at 19-21). Moreover, our independent review of the certified record confirms the PCRA court's finding that his arguments do not merit relief.

For example, Appellant argues that counsel was ineffective for failing to notify the court that Appellant had not received notice of the VOP hearing, and therefore was unable to present witnesses. (**See** Appellant's Brief, at 19-20). However, as observed by the PCRA court, "despite his claims that he was unable to contact witnesses for his VOP hearing, [Appellant's] mother and cousin were present to testify on his behalf at his November 3, 2009 hearing." (PCRA Court Opinion, 10/22/15, at 6; **see also** N.T. VOP Hearing, at 27-34). Therefore, this argument lacks merit.[5] **See Fitzgerald**, **supra** at 910.

_____

[5] Additionally, as observed by the PCRA court, Appellant's five proposed witnesses provided affidavits dated well-beyond the date of the VOP hearing, and would have given testimony that merely duplicated that offered by Appellant's mother and cousin. (**See** PCRA Ct. Op., at 6; **see also** Memorandum in Support of Amended PCRA Petition, at Appendix A). Also, importantly, the court stated that this duplicative testimony would not have changed its sentencing decision. (**See** PCRA Ct. Op., at 6-7). Therefore,
*(Footnote Continued Next Page)*

Appellant also maintains that "counsel was ineffective for failing to object to the fact that the [trial c]ourt did not have any presentence reports before [it] when it sentenced [him]." (*Id.* at 20). However, as previously observed by this Court, "the probation violation court had the benefit of a pre-sentence investigation report." (*Commonwealth v. Ramos*, No. 3584 EDA 2009, unpublished memorandum, at *5) (citing N.T. VOP Hearing, at 4) (case citation omitted); (*see also* PCRA Ct. Op., at 5-6). Therefore, Appellant's claim lacks underlying merit. *See Fitzgerald*, *supra* at 910-11.

Based on the foregoing, and after our independent review, we conclude that the PCRA court properly denied Appellant's petition after finding that he failed to meet his burden of pleading and proving the three prongs of the *Pierce* test. *See Fitzgerald*, *supra* at 910-11. Appellant's second issue is waived and would not merit relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016

(Footnote Continued) ──────────────

even if this allegation had merit, Appellant was not prejudiced by his alleged inability to present the proposed witnesses, and the claim would fail. *See Fitzgerald*, *supra* at 910-11.