J-S03031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN DOUGLAS BITTING, VI | |
| Appellant | No. 1297 EDA 2015 |

Appeal from the PCRA Order March 31, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001594-2010

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 22, 2016**

John Douglas Bitting, IV ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On March 3, 2011, a jury convicted Appellant of burglary,[1] robbery (inflicts serious bodily injury),[2] robbery (threatens serious bodily injury),[3] aggravated assault,[4] simple assault,[5] and conspiracy to commit burglary[6]

---

[1] 18 Pa.C.S. § 3502(a).

[2] 18 Pa.C.S. § 3701(a)(1)(i).

[3] 18 Pa.C.S. § 3701(a)(1)(ii).

[4] 18 Pa.C.S. § 2702(a)(1).

[5] 18 Pa.C.S. § 2701(a)(1).

stemming from a brutal, early-morning home invasion that occurred on September 6, 2008. On May 26, 2011, the trial court sentenced Appellant to an aggregate term of 21 to 42 years' imprisonment.[7] Appellant timely appealed, and this Court affirmed the judgment of sentence on September 21, 2012. On July 16, 2013, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. Appellant did not seek review by the Supreme Court of the United States.

Appellant filed a timely PCRA petition on October 14, 2014.[8] The PCRA petition raised one issue for collateral review: a claim that trial counsel provided ineffective assistance by failing to object to the admission of six (6) photographs illustrating the victim's injuries. On October 16, 2014, the

_(Footnote Continued)_ _____

[6] 18 Pa.C.S. § 903.

[7] Specifically, the trial court sentenced Appellant to 6 to 12 years' imprisonment on the aggravated assault conviction, 4 to 8 years' incarceration on the burglary conviction, 8½ to 17 years' incarceration on the robbery (inflicts serious bodily injury) conviction, 6 to 12 years' incarceration on the robbery (threatens serious bodily injury) conviction concurrent to the first burglary conviction, and 2½ to 5 years for the conspiracy conviction.

[8] Appellant's judgment of sentence did not become final, and his PCRA limitations period did not commence, until October 14, 2013, at the expiration of his time for seeking review with the Supreme Court of the United States. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petitions must be filed within one year of the date the judgment of sentence becomes final); 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at the conclusion of direct review or at the expiration of time to seek review); U.S.Sup.Ct.Rule 13.1 (allowing 90 days for the filing of a writ of *certiorari* in the Supreme Court of the United States). Accordingly, Appellant timely filed his October 14, 2014 PCRA petition.

PCRA court appointed counsel. On January 20, 2015, PCRA counsel filed a **Turner**[9]/**Finley**[10] no merit letter and a petition to withdraw as counsel. On January 29, 2015, Appellant filed a *pro se* Amended PCRA Petition, in which he raised the additional claim that trial counsel was ineffective for failing to object when the prosecutor asked the trial court to direct Appellant to stand to demonstrate his height to the jury. On January 30, 2015, the PCRA court directed PCRA counsel to address the issue raised by Appellant's *pro se* Amended PCRA Petition.

On February 3, 2015, Appellant filed a request for an extension of time in which to respond to PCRA counsel's **Turner**/**Finley** letter. On February 13, 2015, PCRA counsel advised the PCRA court by letter that the issue Appellant raised in his *pro se* Amended PCRA Petition lacked merit. On February 18, 2015, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, which notice allowed 30 days for Appellant to respond.[11]

On February 27, 2015, Appellant filed an unsolicited memorandum of law in support of his Amended PCRA petition. Thereafter, on March 24,

---

[9] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[10] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

[11] Also on February 18, 2015, Appellant filed a second request for additional time in which to respond to PCRA counsel's **Turner**/**Finley** letter.

2015, Appellant filed a response to the PCRA court's Rule 907 notice. In addition to his two previously-raised issues, Appellant's response to the Rule 907 notice raised three additional issues.[12]

On March 31, 2015, the PCRA court issued an order denying and dismissing the PCRA petition.[13] On April 29, 2015, Appellant timely appealed. Appellant complied with the PCRA court's Pa.R.A.P. 1925(b) order, and the PCRA court filed its 1925(a) Opinion on June 1, 2015.

Appellant raises the following issues for review:

[1]. Because the only question in this case was who wore the mask, [Appellant's] position is that trial counsel was ineffective for not objecting to the admission and publication of (6) 8½" x 11" colored photographs depicting, at close view, the victim[']s head and face while laying in a hospital bed which served only to inflame the minds and passions of the jury.

_____

[12] The trial court explained the additional claims as follows:

The first additional issue [Appellant] raised consisted of a cumulative prejudice argument. Although he claimed that his two previous issues were sufficient in themselves to warrant PCRA relief, he suggested in the alternative that if they were not, the cumulative prejudice ensuing from both of these alleged instances of ineffective assistance would overcome any deficiencies in the claims individually. Second, [Appellant] asked the [c]ourt to stay the Department of Corrections' Act 84 deductions from his inmate prison account pending the finalization of his PCRA appeal. Finally, [Appellant] requested "complete discovery" in his case.

1925(a) Opinion, p. 3.

[13] The March 31, 2015 order addressed the three "new" issues Appellant raised in his Rule 907 response.

[2]. Because [Appellant] is only 5'5" and this case centered on the identity of two intruders the victim consistently described as standing 6'0" and 6'2" to 6'3", [Appellant's] position is that his due process right to a fair trial was violated by trial counsel ineffectiveness in failing to object to the prosecutor compelling [Appellant] to stand before the jury for a suggestive demonstration.

[3.] To the extent that any of [Appellant's] isolated points are (somehow) rejected for lack of prejudice, then [Appellant's] position is that the cumulative error or prejudice arising from the two constitutional violations warrant a new trial.

Appellant's Brief, p. 6.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the

PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Pennsylvania courts apply the **Pierce**[14] test to review PCRA claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

---

[14] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

Appellant claims that trial counsel provided ineffective assistance by failing to object to the admission of photographs illustrating the victim's injuries. *See* Appellant's Brief, pp. 22-30. We disagree.

"[Appellate courts] will affirm a trial court's admission of photographs absent an abuse of discretion." *Commonwealth v. Johnson*, 42 A.3d 1017, 1033 (Pa.2012).

> [Courts] employ a two-part test to determine if allegedly inflammatory photographic evidence is admissible. First, assuming the photographs are relevant, the court must decide if the photographs are inflammatory. If the photographs are not inflammatory, they are admissible. On the other hand, if the photographs are inflammatory, the court must balance the evidentiary need for the photographs against the likelihood they will inflame the minds and passions of the jurors. Admission of photographic evidence is proper where the evidentiary value exceeds the inflammatory danger.

*Commonwealth v. Levanduski*, 907 A.2d 3, 29 (Pa.Super.2006) (internal citations and quotations omitted).

Here, the PCRA court found that this claim lacked merit, explaining as follows:

> With respect to [Appellant's] issue concerning the admission of photographs, we conclude that the photographs at issue were not inflammatory. Alternatively, we conclude that they were of such essential evidentiary value that their need clearly outweighed the likelihood of inflaming the minds and passions of the jurors. [Appellant] was charged with Criminal Attempt to Commit First-Degree Murder, a specific intent crime. Thus, . . . the photographs served the essential evidentiary purpose of permitting the jury to assess whether the Commonwealth had established that [Appellant] acted with the intent to kill his victims. There was no error in admitting these photographs and consequently there was no ineffectiveness on the part of trial

counsel in not objecting to them. Counsel cannot be deemed ineffective for failing to raise a meritless claim.

***See*** PCRA Court Rule 907 Notice of Intent to Dismiss, February 18, 2015, p. 1 n.1 (internal citations omitted).

We agree with the PCRA court's analysis of this issue and its conclusion that this claim provides Appellant with no relief.

Appellant next alleges trial counsel provided ineffective assistance of counsel by failing to object to the prosecution's request that Appellant stand to demonstrate his height to the jury. ***See*** Appellant's Brief, pp. 31-38. Appellant claims that "trial counsel's failure to object not only created an indelible impression in the jurors['] minds, but also allowed the jury to engage in an impermissible speculation." ***Id.*** at 32. Appellant is incorrect.

Compelling a defendant to stand before the jury is not testimonial in nature. ***Commonwealth v. Richbourg***, 394 A.2d 1007, 1010 (Pa.Super.1978). As such, the Fifth Amendment right against self-incrimination does not protect a defendant from such an action. ***Id.*** Therefore, this Court has ruled frivolous the contention that defendants are prejudiced by being forced to stand before the jury. ***Id.*** ("Appellant . . . is in the 'spotlight' merely by sitting at the defense table. Having him stand to allow a better view is no more prejudicial than removing a mask from his face or having him wear a piece of apparel.").

Accordingly, the trial court would properly have overruled any objection to Appellant standing before the jury, and trial counsel was not

ineffective for failing to make such an objection. *See Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa.2012) ("[C]ounsel cannot be deemed ineffective for failing to pursue a meritless claim."). This claim lacks merit.

Lastly, Appellant claims cumulative error or prejudice arising from his claims entitles him to relief. *See* Appellant's Brief, pp. 39-40. He is incorrect.

Our Supreme Court "has repeatedly held that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. Thus, to the extent claims are rejected for lack of arguable merit, there is no basis for an accumulation claim." *Commonwealth v. Hanible*, 30 A.3d 426, 483 (Pa.2011).

Here, each claim lacks arguable merit. Accordingly, Appellant is not entitled to relief for any alleged cumulative error resulting from his claims. *See Hanible*, 30 A.3d at 483.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016