J. S30019/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ARTHUR JOHNSON, | : | No. 545 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 22, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014152-2008

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED MAY 06, 2016**

Arthur Johnson appeals from the order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

The PCRA court set forth the following:

> On May 9, 2008[,] [a]ppellant was arrested and charged with [m]urder and weapons offenses[,] and on February 12, 2010, following a jury trial before this Court, he was adjudged guilty of Murder of the First Degree and Possessing Instruments of Crime. On March 26, 2010[,] [a]ppellant was sentenced to an aggregate term of life imprisonment, and on March 27, 2012[,] the Superior Court of Pennsylvania affirmed the Judgment of Sentence. ***Commonwealth v. [] Johnson***, 949 EDA 2010. On April 20, 2012[,] [a]ppellant filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. On

November 8, 2012[,] the Petition for Allowance of Appeal was denied. **_Commonwealth v. [] Johnson_**, 200 EAL 2012.

Appellant filed the instant Petition pursuant to the [PCRA] on November 13, 2013[,] and on February 12, 2014[,] he filed an Amended PCRA Petition. On April 16, 2014[,] the Commonwealth filed a Motion to Dismiss the PCRA Petition[,] and on September 24, 2014[,] the Commonwealth filed a Supplemental Motion to Dismiss. Appellant was sent Notice pursuant to Pa.R.Crim.P. 907 on December 8, 2014, and on January 22, 2015[,] the PCRA Petition was dismissed. This timely appeal followed on February 19, 2015.

PCRA court opinion 6/19/15 at 1-2 (footnote omitted).

Appellant raises the following issues for our review:

[1.] Whether the trial court violated the confrontation clause and abused its discretion when it allowed the prosecution to introduce into evidence a statement of the non-testifying codefendant that referred to the appellant as "the other guy" in a two defendant jury trial, causing substantial harm to the appellant[?]

[2.] Whether trial counsel was ineffective for failing to object to the double hearsay in non-testifying codefendant's written statement to police, causing substantial harm and undue prejudice to the appellant[?]

[3.] Whether trial counsel was ineffective for failure to strike reference to Baz Parker in the [s]tatement of non-testifying codefendant, causing substantial harm and undue prejudice to the appellant[?]

[4.] Whether trial counsel was ineffective for failing to object to references to the appellant as "the other guy" in prosecutor's closing, causing

> > substantial harm and undue prejudice to the appellant[?]
>
> > [5.] Whether trial counsel was ineffective for failing to object to the trial court's Spencer Charge, causing substantial harm and undue prejudice to the appellant[?]
>
> > [6.] Whether counsel for direct appeal was ineffective for failing to raise issues to correct the errors of trial as to the double hearsay, and to codefendant's counsel, who named the appellant as the shooter in his opening, causing substantial harm and undue prejudice to the appellant[?]

Appellant's brief at 5-6.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

To be eligible for PCRA relief, a petitioner must show, among other things, that the claims of error have not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the

highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.*; *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa. 2012).

In his first issue on appeal, appellant complains that the trial court abused its discretion when it permitted the prosecution to introduce a statement of a non-testifying co-defendant that referred to appellant as "the other guy." Appellant raised this issue on direct appeal. *See Commonwealth v. Johnson*, No. 949 EDA 2010, unpublished memorandum (Pa.Super. filed March 27, 2012). Therefore, because this issue was previously litigated, it is not properly before us.

Under the guise of ineffectiveness, appellant's fourth issue alleging that trial counsel failed to object to a supposed *Bruton*[1] violation is belied by the record, and the *Bruton* issue was previously litigated.

Appellant's four remaining issues assert claims of ineffective assistance of trial counsel and direct appeal counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. *Commonwealth v. Rollins*, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. *See Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. *Id.* In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel

---

[1] *Bruton v. United States*, 391 U.S. 123 (1968).

could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."). In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). ***See also (Michael) Pierce***, 786 A.2d at 221-22; ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

Having determined, after careful review, that the learned Judge Gwendolyn N. Bright, in her June 19, 2015 Rule 1925(a) opinion, ably and comprehensively disposes of appellant's issues on appeal, with

appropriate reference to the record and without legal error, we affirm on the

basis of that opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016



JUN 1 9 2015

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0014152-2008

            :

CP-51-CR-0014152-2008 Comm. v. Johnson, Arthur
Opinion

v.



7309673651

           : SUPERIOR COURT OF PENNSYLVANIA

ARTHUR JOHNSON           :     545 EDA 2015

OPINION

BRIGHT, J.

On May 9, 2008 Appellant was arrested and charged with Murder and weapons offenses, and on February 12, 2010, following a jury trial before this Court, he was adjudged guilty of Murder of the First Degree and Possessing Instruments of Crime. On March 26, 2010 Appellant was sentenced to an aggregate term of life imprisonment, and on March 27, 2012 the Superior Court of Pennsylvania affirmed the Judgment of Sentence. *Commonwealth v. Arthur Johnson*, 949 EDA 2010. On April 20, 2012 Appellant filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. On November 8, 2012 the Petition for Allowance of Appeal was denied. *Commonwealth v. Arthur Johnson*. 200 EAL 2012.

Appellant filed the instant Petition pursuant to the Post Conviction Relief Act (hereinafter PCRA)[1] on November 13, 2013 and on February 12, 2014 he filed an Amended PCRA Petition. On April 16, 2014 the Commonwealth filed a Motion to Dismiss the PCRA Petition and on September 24, 2014 the Commonwealth filed a Supplemental Motion to Dismiss. Appellant was

---

[1] 42 Pa.C.S.A.§9541, *et seq.*

sent Notice pursuant to Pa.R.Crim.P. 907 on December 8, 2014, and on January 22, 2015 the PCRA Petition was dismissed. This timely appeal followed on February 19, 2015.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Errors Complained Of On Appeal. Appellant responded complaining that the Court violated the confrontation clause to the Constitution of the United States when it allowed the prosecution to introduce the statement of codefendant Tyrone Wright in violation of *Bruton v. United States*, 391 U.S. 123 (1968); that trial counsel rendered ineffective assistance in multiple respects; and that appellate counsel rendered ineffective assistance in failing to raise the issue involving the alleged *Bruton* violation.

## FACTS

The facts are summarized in the Court's 1925(a) Opinion on direct appeal and incorporated in the Opinion of the Superior Court of Pennsylvania. *Commonwealth v. Arthur Johnson*, No. 949 EDA 2010 @ 1-3. Decedent, Donnie Skipworth, and the decedent's brother, Dion Skipworth, lived with their family at 1328 N. Newkirk Street, Philadelphia, PA. Appellant, co-defendant Tyrone Wright, and their accomplice, Abbas Parker (AKA, Baz), associated on a daily basis on nearby Hollywood Street. N.T. 2/01/2010 @ 151-152, 170-171.[2] Dion Skipworth testified that from 2005 until January 2008, except for a brief period when Decedent was employed in Lancaster, PA, he and Decedent sold drugs in the 1300 block of Newkirk Street and established the area as their territory. Id. @ 161, 164-168.

On May 4, 2008, approximately 12:00 AM, Decedent, Dion, and their two cousins, were selling drugs at the corner of the 1300 block of Newkirk Street, when Dion observed Appellant

---

[2] "N.T." refers to the Notes of Testimony taken at the Motion to Suppress and jury trial before the Honorable Gwendolyn N. Bright on January 26, 2010 - February 9, 2010 and the Sentencing on May 13, 2010. The specific date to which reference is made follows the designation "N.T."

walk toward them and Appellant began firing his gun at Decedent. Id. @ 172, 177. Dion testified that after the first round of gunshot he and his cousins fled and five minutes later he returned to the scene finding Decedent lying on the street with bullet holes in his jeans and throughout his jacket. Id. @ 181.

Detective George Fetters later interviewed Aaron Taylor who testified at trial but was a reluctant witness. Taylor grew up in the same neighborhood and attended school with Decedent and the two were friends. N.T. 1/28/2010 @ 81-82. Taylor explained that the murder was in retaliation for the killing of a mutual associate who he identified as Darnell. Id. @ 82. He stated:

"He was killed for retaliation for what happened to Darnell. He was another friend of mine. We all grew up together down on Newkirk and Thompson. The word was that Donnie got him killed. This was about one and a half to two years ago on the same block. See, they was selling drugs together out there, and I guess that Darnell got big headed and Donnie didn't like it. So the word was that he (Donnie) had somebody kill Darnell. I guess it was over the money that they were making out there. You see, Donnie was always the pretty boy type and Darnell was the muscle, and I guess they just got in each other's way."

Id. @ 81-82.

Taylor further testified that he was on Newkirk Street a few weeks after the shooting death and that he heard Appellant admit that he killed Decedent. Taylor stated:

"Look, I was down there on Newkirk like one or two weeks after Donnie [Decedent] was killed and I heard this young boy, Art [co-defendant Johnson], talking about how he did it, he killed Donnie, and how nobody had to worry about what he (Donnie) had done to Darnell. See, Artie is supposed to be cousins somehow with Darnell and he said he would get Donnie for what he did to his cousin, Darnell. ... He [Appellant] from the group they call the Body Snatchers. They from 29th and Jefferson Streets. They rap, they gangbang, they on You Tube. Anywhere you see the BS initials, that's them; it's all over that way."

Id. @ 88. In his statement to Detective Burns co-defendant Johnson likewise acknowledged that the motive for the murder was retaliation. N.T. 2/3/2010 @ 58.

Dr. Sam Gulino, Chief Medical Examiner for the City of Philadelphia, testified that his office performed a postmortem examination on Decedent's remains on the day of the murder and

concluded that Decedent died of multiple gunshot wounds and further concluded that the cause of death was homicide.  Id. @ 17.

## DISCUSSION

Appellant complains that the Court committed error in allowing the prosecution to introduce the statement of co-defendant Tyrone Wright. He asserts that the co-defendant did not testify at trial and that the statement was insufficiently redacted when read to the jury by Philadelphia Police Detective Burns. This claim is without merit.

42 Pa.C.S. § 9543 provides, in pertinent part, as follows:

"§ 9543. Eligibility for relief

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

   (i) currently serving a sentence of imprisonment, probation or parole for the crime;

   (ii) awaiting execution of a sentence of death for the crime; or

   (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

   (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

   (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

   (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

   (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

. . .

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel."

The allegation of error complained of has been previously litigated or waived and

Appellant is not eligible for PCRA relief. 42 Pa.C.S. § 9543(a)(3). *Commonwealth v. Arthur Johnson*, 949 EDA 2010 (Pa. Super. 2012) @ 9-11. Error was not committed.

Appellant next complains of multiple incidents of ineffective assistance of counsel. These claims are without merit.

The standard of review when presented with a challenge to a ruling by the PCRA Court dismissing Appellant's claims for PCRA relief is whether the PCRA Court's ruling is supported by the record and is free of legal error. *Commonwealth v. Rios*, 591 Pa. 583, 920 A.2d 790 (2007), cited in, *Commonwealth v. Fitzgerald*, 2009 PA Super. 154, 979 A.2d 908, 910 (PA Super 2009). Where Appellant asserts claims of ineffective assistance of counsel, the appellate Courts of the Commonwealth of Pennsylvania have instructed as follows:

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. This requires the petitioner demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. It is presumed that counsel is effective, and places upon the appellant the burden of proving otherwise. Counsel cannot be deemed ineffective for failing to pursue a meritless claim." Commonwealth v. Payne, *supra.* @ 905-906 (citations and quotations omitted). *See also*, Commonwealth v. Pierce, 786 A.2d 203 (Pa. 2001).

Appellant first complains that trial counsel rendered ineffective assistance in failing to object to double hearsay contained in codefendant Tyrone Walker's statement to Detective Burns and that appellate counsel rendered ineffective assistance in failing to raise this issue on direct appeal. These claims are without merit.

It is well settled that the decision to admit or exclude evidence is committed to the trial court's sound discretion and that evidentiary rulings will only be reversed upon a showing that a court abused that discretion. *See, Commonwealth v. Koch*, 106 A.3d 705, 2014 WL 7392238 (Pa. 2014). *See also, Commonwealth v. Levanduski*, 907 A.2d 3, 2006 PA Super 204, P26 (Pa. Super. Ct. 2006). In *Koch, supra*, the Supreme Court of Pennsylvania stated:

> "The standard of review governing evidentiary issues is settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. A finding of abuse of discretion may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. Matters within the trial court's discretion are reviewed on appeal under a deferential standard, and any such rulings or determinations will not be disturbed short of a finding that the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case."

*Commonwealth v. Koch, supra*, 2014 WL 7392238 @ 9.

Pa.R.E. 802 provides that Hearsay is not admissible into evidence except as provided by the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 801 defines "Hearsay" as a statement the declarant does not make while testifying at trial, and a party offers in evidence to prove the truth of the matter asserted in the statement. Pa.R.E. 805 provides that double hearsay, or hearsay within hearsay, is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the hearsay rule.

In the case *sub judice*, the statement co-defendant Wright gave Detective Burns was received into evidence solely against the co-defendant and the jury was instructed on two separate occasions that the jury must not consider the statement as evidence against Appellant and in no way to use the statement against Appellant. N.T. 2/4/2010 @169-170. Trial counsel cannot be found ineffective for failing to raise objections to evidence not offered against his client and appellate counsel cannot be deemed ineffective for raising the claim on direct appeal. Moreover, Appellant has failed to demonstrate that but for counsel's failure to make such an objection the outcome of the proceedings would be different, i.e., that he was prejudiced by trial counsel's inaction or that appellate counsel's failure to raise the issue on direct appeal inured to his detriment . Error was not committed.

Similarly, Appellant's complaint that the trial counsel rendered ineffective in failing to strike references to Baz Parker in co-defendant Wright's statement to Detective Burns is without merit. Wright's statement was offered solely against Wright. The content of the statement was not introduced into evidence for any other purpose and the jury was instructed accordingly. Additionally, Appellant has failed to demonstrate that but for trial counsel's failure to strike references to Baz Parker in co-defendant Wright's statement the outcome of the proceedings would be different. He has failed to demonstrate prejudice and is not entitled to PCRA relief. Error was not committed.

Appellant also complains that trial counsel rendered ineffective assistance in failing to object to references to 'the other guy' in the prosecutor's closing. This claim is without merit.

As hereinbefore discussed, the Superior Court of Pennsylvania considered the issue of the prosecutor's use of 'the other guy' reference in closing argument on direct appeal and held that Appellant's claims in connection therewith are without merit. Appellant has failed to demonstrate

that the allegation of error he complains of has not been previously litigated or waived. Error was not committed.

Appellant next claims that trial counsel rendered ineffective assistance in failing to object to the Court's *Spencer* charge. This claim is without merit.

In the instant case, after three days of deliberation and several requests for additional instructions the jurors stated that they were unable to reach a unanimous verdict on the charges against Appellant and that there was no reasonable probability of reaching a unanimous verdict as to him. Id. @ 10-11. The Court further instructed the jury as follows:

> "Obviously, you are having some difficulty resolving the issues raised. On the one hand, that difficulty is an indication of the sincerity and objectivity with which you have approached your duties. On the other hand, it may be the result of confusion in your minds about the instructions that were given with regard to the law and its application to the facts of this case....
>
> ... I would like to explain to you or to emphasize to each of you the importance of a verdict to Defendant Johnson, to the Commonwealth, and also take into account the time, the anxiety, the expense of having to retry this matter, and taking that into account, you realize, of course, that, first of all, any verdict you return must be unanimous. Secondly, you have a duty to consult with one another and deliberate with a view towards reaching an agreement if it can be done without violence to your individual judgment, and that each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with the other jurors. As jurors you should not hesitate to reexamine your own views and change your opinion if you think it is erroneous, and, as a juror, you should not surrender your honest convictions as to the weight or effect of the case's evidence because of the opinion of the other jurors or for the mere purpose of returning a unanimous verdict. Keeping these instructions in mind, I am going to send you back to deliberate further with regard to the Defendant Johnson so that you can give further consideration to the evidence and to the charges of the Court to see if you can arrive at a verdict."

N.T. 2/9/2010 @ 9-11.

In *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (Pa. 1971), the Supreme Court of Pennsylvania considered proper jury instructions to be given in cases where the jury cannot reach a unanimous verdict and there is no reasonable probability of the jury reaching a unanimous verdict. The important factor in evaluating the supplemental jury instruction, or *Spencer* Charge, is

that it not be coercive. *Commonwealth v. Spencer*, supra, 442 Pa. 328 @ 335. *See also*, *Commonwealth v. Greer*, 597 Pa. 373, 387, 951 A.2d 346 (Pa. 2008). In the instant case the Court's instruction to the jury was in accordance with Pennsylvania Suggested Standard Criminal Jury Instruction 2.09 (Pa-JICRIM 2.09); was not coercive; and was therefore not objectionable. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim. Error was not committed.

Finally, Appellant complains that appellate counsel rendered ineffective assistance in failing to raise a *Bruton* violation regarding the co-defendant's counsel naming Appellant as the shooter. This claim is belied of record and is without merit.

To be eligible for relief under the PCRA a petitioner must demonstrate that the allegation of error has not been litigated or waived. 42 Pa.C.S. § 9543(a)(3). This allegation of error was raised has been previously litigated on direct appeal and Appellant is not eligible for PCRA relief based on this claim. *Commonwealth v. Arthur Johnson*, 949 EDA 2010 (Pa. Super. 2012) @ 9-11. Error was not committed.

## CONCLUSION

For the foregoing reasons, error was not committed and the Judgment of Sentence should be affirmed.

BY THE COURT

_____
BRIGHT, J.

DATE: 6/19/15