J-S34004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HARRY C. DAVIS, | |
| Appellant | No. 1717 EDA 2016 |

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016582-2008

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 13, 2017**

Harry C. Davis appeals *pro se* from the May 6, 2016 order denying him PCRA relief.  We affirm.

A jury convicted Appellant of burglary, trespass, and theft after he stole copper piping from the basement of an apartment building.  The verdict was based upon the following evidence.  On October 8, 2008, Suzanne Goldhahn lived with her father in a second floor apartment of a building located in the 7200 block of Elmwood Avenue, Philadelphia.  At the time, Ms. Goldhahn knew Appellant well because he previously resided in the same building for about eighteen months, but moved several months prior to the incident in question.

_____

* Retired Senior Judge specially assigned to the Superior Court.

At approximately 4:15 a.m., Ms. Goldhahn awoke due to violent shaking noises coming from her radiator. She checked the faucet on the kitchen sink. It was not functioning. After telling her father that she was going to the basement, Ms. Goldhahn turned on the porch light and observed Appellant on a landing that led to the door of the basement apartment. He was carrying on his shoulder a long metallic object that was copper in color. Ms. Goldhahn told her father to call the police, and Philadelphia Police Officer Reigert Pone arrived within minutes.

Officer Pone, Ms. Goldhahn, and her father went to the basement apartment, where they discovered that it was being flooded by water flowing from the utility room. Officer Pone removed the resident of the basement apartment, returned, and saw water gushing from a piece of copper pipe protruding from the water heater. Patrick McGowan, who owned the building, arrived at the scene and noticed that twelve feet of copper piping leading to the water heater was missing. Mr. McGowan had not given anyone permission to enter the building and remove the copper piping.

Philadelphia Police Officer Joy Gallen Ruiz and her partner Philadelphia Police Officer Raymond Rutter, the arresting officers, testified at trial. They were on patrol in the area, and Officer Ruiz spotted Appellant at approximately 4:20 a.m. less than two blocks from the scene of the crime. As Appellant matched the description of the perpetrator broadcast over the police radio, Officer Ruiz approached Appellant and asked to speak with him.

- 2 -

Appellant retorted that he did not have to speak with police, and started to walk away. Officer Rutter intervened, stopped Appellant, and patted Appellant down for weapons. While Appellant was unarmed, the patdown revealed that Appellant was soaking wet. Ms. Goldhahn was brought to the scene, and she identified Appellant as the man with a copper-colored object on his shoulder at her apartment building.

Appellant offered an innocent explanation for his presence near the crime scene, denied that he was holding a metal object, and claimed that he was wet from power-washing a truck. The jury credited the evidence presented by the Commonwealth, and convicted Appellant of the above-delineated crimes. After judgment of sentence was imposed, Appellant filed an appeal, raising a claim that the evidence was insufficient to support the verdict. We rejected that position and affirmed. *Commonwealth v. Davis*, 46 A.3d 824 (Pa.Super. 2012), *appeal denied*, 53 A.3d 756 (Pa. September 17, 2012).

Appellant filed a timely *pro se* PCRA petition on October 13, 2013, and counsel was appointed. On January 3, 2016, counsel filed a no-merit letter and petition for leave to withdraw under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel addressed the issues raised in the PCRA petition. The PCRA court thereafter disseminated notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.C.P. 907.

Appellant responded that trial counsel was ineffective for failing to raise the following position. Appellant maintained that Officer Ruiz, whose signature appeared on the arrest report, testified that she did not sign that document. Appellant argued that trial counsel should have contended that Appellant was denied his constitutional right to confront his arresting officer and should have moved for dismissal of his case because the arrest report, which established probable cause for his arrest, was forged.

The PCRA court thereafter denied PCRA relief, and granted counsel's petition to withdraw. Appellant filed this *pro se* appeal. The PCRA court prepared a Pa.R.A.P. 1925(a) opinion addressing the issues presented in the *pro se* petition as well as the one raised in response to the Pa.R.C.P. 907 notice. On appeal, Appellant raises this averment: "Was the petitioner denied his right to confront witnesses in violation of the Sixth Amendment?" Appellant's brief at 5.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016). On appeal, Appellant repeats the position raised in response to the Pa.R.C.P. 907 notice. In maintaining that trial counsel rendered ineffective assistance, Appellant suggests that Officer Ruiz admitted that she did not sign the arrest report so that the Commonwealth did not establish probable

cause for his arrest. Appellant also posits that he was denied his right to confront "the arresting officer in this case." Appellant's brief at 6. Apparently, Appellant believes the arresting officer was the person who purportedly forged the arrest report by signing Officer Ruiz's name.

We examine allegations of ineffective assistance of counsel under the following standards:

> Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington****, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the **Strickland** standard as tripartite by dividing the performance element into two distinct components. **Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id****. A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

> ***Commonwealth v. Busanet****, 618 Pa. 1, 54 A.3d 34, 35, 45 (2012). Furthermore, "in accord with these well-established criteria for review, an appellant must set forth and individually discuss substantively each prong of the *Pierce* test." ***Commonwealth v. Fitzgerald****, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016).

The PCRA court, in addressing Appellant's position, noted that Officer Ruiz never testified that she did not sign the arrest report, which actually

contained her signature. Instead, the PCRA court pointed out that Officer Ruiz indicated that she did not execute a different document, which consisted of a biographical information report prepared by whoever transported Appellant to jail after he was arrested. Our review of the trial transcript supports the PCRA court's conclusions. Thus, the affidavit of probable cause for Appellant's arrest was not defective on the basis that it was forged. Additionally, there was no confrontation clause violation in this case as both arresting officers testified at Appellant's trial. Since Appellant's underlying issue lacks merit, trial counsel was not ineffective for failing to advance it at trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2017