J-S32007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST  TRICE | : | |
| | : | |
| Appellant | : | No. 2636 EDA 2018 |

Appeal from the Order Entered August 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006441-2010

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 16, 2019**

Ernest Trice ("Appellant") appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

On direct appeal, this Court summarized the facts underlying Appellant's conviction as follows:

> On February 22, 2010, [Appellant] used an accelerant to set fire to a residence at 101 East Collum Street in Philadelphia.  The victim was inside the residence at the time of the fire, and he died from smoke inhalation.  On March 11, 2010, police interviewed Appellant who admitted he had started the fire in an attempt to destroy the "stash" of a rival drug dealer.  Appellant denied knowing that the victim was inside the residence when Appellant started the fire.

***Commonwealth v. Trice***, 100 A.3d 305, 2178 EDA 2012 (Pa. Super. filed March 12, 2014) (unpublished memorandum).

On March 7, 2012, a jury found Appellant guilty of second-degree murder, arson, and causing a catastrophe.[1] Appellant was sentenced the same day to life imprisonment without the possibility of parole for second-degree murder, ten to twenty years of incarceration for the arson conviction, and three and one-half years to seven years of incarceration for the causing catastrophe conviction, to be served concurrently. Appellant filed a post-sentence motion, which the trial court denied. Appellant filed a timely appeal. This Court, *sua sponte*, found that the imposition of a sentence for the crime of arson, which was a predicate offense for Appellant's murder conviction, constituted a violation of the Double Jeopardy Clause and an illegal sentence. *Id*. at 23–24. Thus, on March 12, 2014, this Court vacated Appellant's sentence for arson, but affirmed the judgment of sentence in all other respects. *Id*. at 24. Appellant filed a petition for allowance of appeal on April 10, 2014, which our Supreme Court denied on October 1, 2014.

Appellant filed the instant, timely PCRA petition, his first, on May 1, 2015. PCRA counsel was appointed on April 15, 2016, and he filed an amended petition on June 25, 2016. Therein, Appellant averred that he was eligible for post-conviction relief due to the ineffectiveness of his trial counsel and sought time and funds to conduct discovery relating to the availability/existence of alibi witnesses Appellant believed were available to

---

[1] 18 Pa.C.S. §§ 2502(b), 3301, and 3302, respectively.

testify on his behalf. PCRA Petition, 6/25/16.[2] The Commonwealth filed a response and on December 27, 2017, the PCRA court advised Appellant that it was going to deny his PCRA petition without a hearing on January 25, 2018, pursuant to Pa.R.Crim.P. 907. Order, 12/27/17. Appellant filed a response, and the PCRA court denied Appellant's PCRA petition on August 9, 2018. Order, 8/9/18. Appellant filed a timely notice of appeal on September 6, 2018. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following question for our review, verbatim:

I.    Did the PCRA Court err when it dismissed without a hearing where the Defendant pled, and would have been able to prove, that he was entitled to PCRA relief?

Appellant's Brief at 3.

When reviewing the propriety of the denial of a PCRA petition, we apply the following standard and scope of review: "[A]n appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court viewed in the light most favorable to the prevailing party." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 910 (Pa. Super. 2009) (quoting **Commonwealth v. Hammond**, 953 A.2d 544, 556 (Pa. Super. 2008) (citation omitted) ). "Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

---

[2] The PCRA court awarded Appellant $1,000.00 to investigate possible alibi witnesses on July 12, 2016, but that investigation failed to produce any possible alibi witnesses. N.T., 12/27/17, at 3, 9.

*Commonwealth v. Sarvey*, 199 A.3d 436, 445–446 (Pa. Super. 2018). To the extent Appellant argues that the PCRA court erred in failing to hold a hearing on his PCRA petition, this Court notes that the PCRA court has discretion to dismiss a petition without a hearing where "there are no genuine issues of material fact, the petition is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (citation omitted). In order to obtain a reversal of the court's decision to dismiss without a hearing, "an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief or that the court otherwise abused its discretion in denying a hearing." *Id*.

In support of his appeal, Appellant argues that his trial counsel was ineffective for failing to make an investigation into possible witnesses that Appellant avers "might provide a complete defense." Appellant's Brief at 8. Specifically, Appellant posits trial counsel was "pointed in a direction" of a possible witness who might have provided an alibi for Appellant, but counsel failed to locate that person and failed to hire an investigator to locate the possible witness. *Id*. Appellant points to a January 23, 2012 hearing wherein trial counsel stated that he had spoken to a possible witness who then changed her address or moved. *Id*. Trial counsel did not hire an investigator to locate the potential witness after she changed her address. *Id*. Ultimately, Appellant argues that because his trial counsel failed to hire an investigator to find the

possible witness, Appellant was forced to withdraw his alibi defense and his counsel was ineffective. *Id*. at 9.

When reviewing a claim of ineffectiveness of counsel, it is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland [v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **See [Commonwealth v.] Pierce** [, 515 Pa. 153, 527 A.2d 973 (1987) ]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

> **Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2014) (internal brackets and some internal citations omitted).

> Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if

a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp,* 62 Pa. 673, 101 A.3d 736, 747 (2014)(citation omitted).

*Sarvey*, 199 A.3d at 452. Further, in order to prove counsel ineffective for failing to call or investigate a witness, "[an] appellant must demonstrate [1] the names and whereabouts of the witnesses, [2] the substance of their testimony, [3] how they would have appreciably strengthened his defense … [and 4] that his trial counsel knew of the existence of the witnesses who should have been called." *Commonwealth v. Hunter*, 554 A.2d 550, 558 (Pa. Super. 1989) (citations omitted).

As discussed above, compliance with *Strickland* requires Appellant to prove that his underlying claim is of arguable merit, that his trial counsel had no reasonable basis for his action, and that he suffered prejudice as a result. *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014). Appellant does not engage in any meaningful discussion or analysis of the above factors, and only references that counsel believes "prejudice is there" because the lack of investigation "foreclosed on [Appellant] his opportunity to come forward with witnesses at the earliest possible time." Appellant's Brief at 10. Moreover, Appellant cites only a single case in the argument section of his brief, *Commonwealth v. Stewart*, 84 A.3d 701 (Pa. Super. 2013), as standing for the proposition that counsel can be found ineffective for failing to interview an alibi witness and that an appellant is not required to demonstrate that the

witness would be found credible by a jury to establish prejudice.[3] Appellant's Brief at 10.

Preliminarily, we note that Appellant does not provide the names or any other additional information about the alleged witnesses who his trial counsel failed to investigate or locate. This is despite the fact that the PCRA court provided Appellant with the funds to hire a private investigator to locate any purported witnesses, alibi or otherwise. Trial Court Opinion, 12/13/18, at 5. Indeed, Appellant references only an unnamed witness and alleges that his trial counsel was ineffective for failing to locate this unnamed witness or send a detective to locate the individual. Appellant's Brief at 8.[4] After reviewing the record, this Court is unable to determine any information about the alleged alibi witness, beyond her name, Ms. Mathis, and that Appellant intended to present her as an alibi witness. N.T., 2/23/12, at 7. "Where a defendant

_____

[3] **Stewart** is factually distinguishable and does not provide support for the instant appeal. In **Stewart**, the appellee argued that his trial counsel was ineffective for failing to interview and present the alibi testimony of his fiancée. Specifically, the appellee provided the court with the name, location, and substance of his alibi witness's testimony. **Stewart**, 84 A.3d at 705. Moreover, the witness was present in the courtroom for the appellee's trial. **Id**. Finally, the record reflected that the appellee provided his trial counsel with the witness's phone number and address prior to trial. **Id.**

[4] In making this argument, Appellant cites to notes of testimony dated January 23, 2012. The certified record does not contain notes of testimony from that date. However, after review, we believe Appellant intended to cite the notes of testimony dated February 23, 2012, which appear to contain the information Appellant referenced in his brief.

claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case." ***Commonwealth v. Clark***, 961 A.2d 80, 90 (Pa. 2008). To the extent Appellant is arguing that the trial counsel was ineffective for failing to call Ms. Mathis, Appellant has failed to provide any information about her location, the substance of her testimony, or even identify her by name in his brief submitted to this Court.

Moreover, a review of the record makes clear that Appellant is unable to prove, *inter alia*, that he was prejudiced by counsel's failure to investigate or call the alleged witnesses. In order to prove prejudice, Appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012) (quoting ***Strickland***, 466 U.S. at 694)). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Id***. Although failing to conduct an investigation can be *per se* ineffectiveness, "[a] showing of prejudice … is still required. ***Stewart***, 84 A.3d at 712.

In the instant case, Appellant confessed to setting fire to the residence that ultimately killed the victim. N.T., 3/5/12, at 37–41. He was informed of his rights prior to police questioning pursuant to ***Miranda v. Arizona***, 384 U.S. 436 (1966), and he signed a paper memorializing the same before he

gave his statement to Detective Phillip Nordo, one of the detectives assigned to the case. N.T., 3/5/12, at 30–33. Finally, Detective Nordo gave Appellant a copy of the statement after Appellant finished speaking with Detective Nordo and Appellant signed it, representing that what he told the detective was accurately reflected in the written statement. *Id*. at 47. Additionally, the Commonwealth presented the testimony of Ira Young, an individual who was homeless and stayed at 101 East Collum Street at the time Appellant started the fire. N.T., 3/6/12, at 6–8. Mr. Young testified that he lived on the first floor of the Collum Street home, and the victim stayed on the second floor. *Id*. at 11. Mr. Young knew and recognized Appellant "from the streets." *Id*. at 12. Mr. Young testified that on the day of the fire, he witnessed Appellant running away from the fire, holding a container, and that Appellant ran past him and told him "he'd gotten his revenge." *Id*. at 15. Given the fact that Appellant confessed to starting the fire and the additional evidence presented by the Commonwealth, Appellant is unable to show that he was prejudiced by his trial counsel's failure to call one or more unidentified witnesses.

Finally, we note that even if Appellant had been able to show some sort of prejudice based on trial counsel's failure to investigate or call certain witnesses, he would be unable to show that counsel lacked a reasonable basis for that decision. Indeed, the record in the instant case is replete with instances of Appellant's attempt to interfere with possible witnesses. During a pretrial sidebar/conference between Appellant's trial counsel and the

prosecutor, trial counsel informed the trial court that he was aware of the existence of audio tapes of prison telephone conversations between Appellant and an individual, Alpha Omega Johnson. Allegedly, Appellant told Mr. Johnson that he needed to ensure any possible alibi witnesses spoke with Appellant before speaking with his trial counsel. N.T., 2/22/12 (part 2), at 156. Further, Appellant and another individual were discussing potential problems with another possible alibi witness, Ebony Matthews, who is the mother of Appellant's children, and Appellant made threatening statements toward Ms. Matthews and her current boyfriend. *Id*. at 157-158. During that sidebar/conference, the Commonwealth made it clear that if trial counsel put Ms. Matthews on the stand, the Commonwealth would have utilized the tapes to impeach her testimony. *Id*. at 158, 159.

Appellant has neither identified a single witness that his trial counsel failed to call or investigate nor established any prejudice arising from this alleged failure. Therefore, we ascertain no abuse of discretion in the PCRA court's conclusion that Appellant's PCRA should be dismissed without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/19