J-S48038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE LEROY SAVAGE | : | |
| | : | |
| Appellant | : | No. 3069 EDA 2023 |

Appeal from the PCRA Order Entered November 1, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004371-2017

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 20, 2025**

Willie Leroy Savage ("Appellant") appeals from the order denying his timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9451-9546. Appellant maintains that the PCRA court erred in failing to hold a hearing on his claims of trial counsel's ineffectiveness. After careful review, we affirm.

A previous panel of this Court has set forth the facts surrounding this case, as follows:

> On May 18, 2017, at approximately 2:00 p.m., Appellant entered the Murray Overhill Pharmacy in Media, Pennsylvania, while wearing white latex gloves and a white t-shirt pulled up over the back of his head. Appellant approached Samantha Papi, who was working at the pharmacy counter with another employee, James McHugh. Appellant handed Ms. Papi a note that said, "I have a gun," before walking around the counter. As Appellant "brush[ed] past" Ms. Papi, he yelled that he had a gun and wanted all of the

"per[c]s."[1]   He also threatened that "his boys were out front."
Ms. Papi and Mr. McHugh told Appellant that they did not have
any "percs" and activated a silent alarm.  Appellant fled from the
pharmacy, flagging down and boarding an eastbound trolley.  Ms.
Papi called 911 and the Media Police Department apprehended
Appellant from the trolley.  Once removed, Appellant made several
unsolicited remarks, indicating that he was hearing voices, should
not have listened to the voices, and that he did not "get anything"
so he should not be arrested.   Ms. Papi positively identified
Appellant as the actor and police recovered from her the note
which said [verbatim]:  "I have a gun I have my partners waiting
wit guns outside.  We don't want to hurt you, give up all the perc,
30s, 15s 20s 10s zaney and promethazine with codeen, no one
will get hurt we are watch, no cops."

Appellant was arrested and charged with attempted robbery,
terroristic threats, robbery, simple assault, and related offenses.
On August 18, 2018, Appellant entered into a negotiated plea
agreement, whereby he pled guilty to a consolidated count of
attempted robbery and the Commonwealth withdrew the other
charges and recommended a sentence of six to twenty years of
imprisonment.  The trial court accepted the plea and sentenced
Appellant  in  conformity  with  the  Commonwealth's
recommendation.  Appellant did not file a post-sentence motion.

*Commonwealth v. Savage*, No. 2490 EDA 2018, unpublished memorandum

at 1-3 (Pa. Super. filed Sept. 17, 2020) (citations omitted).  Appellant filed a

timely appeal, and this Court affirmed his judgment of sentence.   ***Id.***

Appellant did not file a petition for allowance of appeal.

On November 24, 2020, Appellant filed a timely *pro se* PCRA petition,

and counsel was appointed.  Counsel filed an amended petition on Appellant's

behalf and, on October 2, 2023, the PCRA court issued a notice of intent to

dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  The court

ultimately dismissed the petition on November 1, 2023.  Counsel filed a timely

_____

[1] This is a reference to the prescription drug Percocet.

notice of appeal, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

1. Whether the PCRA [c]ourt erred in denying [Appellant's] PCRA petition *without an evidentiary hearing*, where [Appellant] was denied [the] effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when [t]rial counsel failed to file a post-sentence motion on behalf of [Appellant] when [Appellant] directed him to do so.

2. Whether the PCRA [c]ourt erred in denying [Appellant's] PCRA petition *without an evidentiary hearing*, where [Appellant] was denied [the] effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when [t]rial counsel placed [Appellant] under duress with regard to his father's diagnosis[,] resulting in [Appellant's] entering an involuntary plea.

Brief for Appellant at 5 (emphasis in original).

Preliminarily, we note that when reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (internal citations omitted).

Appellant suggests that the PCRA court erred in not holding an evidentiary hearing in both of his issues. Thus, we are mindful that:

There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not

- 3 -

necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (cleaned up).

In Appellant's first issue, he argues that counsel was ineffective for failing to file a post-sentence motion to withdraw his plea as he had ostensibly requested. In evaluating any claim encompassing an allegation of ineffective assistance of counsel, the following standards apply:

A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the *Strickland* [*v. Washington*, 466 U.S. 688 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014) (most internal citations omitted). If an appellant fails to satisfy any prong of the ineffectiveness standard, the claim will fail. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009).

The requirement to demonstrate "actual prejudice" to prove a claim of ineffective assistance of counsel under the PCRA means that petitioners must

establish a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021) (citation omitted). Moreover, "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Sandusky***, 203 A.3d at 1044 (citation omitted).

More specifically with respect to the entry of a guilty plea, it is well established that

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Kapellusch***, 323 A.3d 837, 848 (Pa. Super. 2024).

Initially, Appellant presents no proof other than his self-serving statement that he asked trial counsel to file a post-sentence motion to withdraw his negotiated guilty plea. For example, Appellant's petition does not explain when he asked prior counsel to file the motion, or how counsel responded. Appellant failed to attach copies of any correspondence with counsel he may have had about filing a post-sentence motion. Counsel cannot be deemed ineffective for failing to file post-sentence motions if he was not requested to do so. ***Commonwealth v. McMillian***, No. 16 MDA 2023,

unpublished memorandum at 8 (Pa. Super. filed Aug. 14, 2023).[2]  This failure alone could provide a basis for denying PCRA relief.

Despite these pleading deficiencies in his PCRA petition, we also recognize that Appellant cannot prove that counsel was ineffective because he cannot demonstrate prejudice.  In other words, Appellant cannot show that, had counsel filed a motion to withdraw his negotiated plea, it would have been granted.  There is no absolute right to withdraw a guilty plea; when a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice "on the order of manifest injustice."  *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (citation and quotation marks omitted).  This standard is enforced to discourage defendants from entering guilty pleas as sentence-testing devices.  *Id.*  In addition, a defendant who enters a plea is presumed to be aware of what he or she is doing, and thus bears the burden of proving otherwise in a subsequent challenge.  *Id.*

While Appellant asserted in his amended PCRA petition that trial counsel was ineffective for failing to file a post-sentence motion after sentencing, Amended PCRA Petition, 5/12/22, at ¶ 13 A, Appellant has never claimed that he is innocent of the charges he faced, nor did he provide evidence of any defense he could offer to the charges.  Appellant merely stated, without explication, that had counsel filed the motion to withdraw his plea, "it is reasonable that it would have been granted."  Brief for Appellant at 14.

_____

[2] Non-precedential Superior Court decisions filed after May 1, 2019, may be cited for their persuasive value.  *See* Pa.R.A.P. 126(b).

Appellant also baldly asserts for the first time in his brief to this Court, that the plea colloquy contained material errors and concludes that, because trial counsel must have known that Appellant had mental health issues, he should have known that Appellant did not understand what was happening in the courtroom. Yet, "claims raised outside of a court-authorized PCRA petition are subject to waiver[.]" **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015); Pa.R.Crim.P. 902(B); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, any claims pertaining to the court conducting a deficient plea colloquy have not been preserved for our review.

Nevertheless, even if his issue regarding counsel's ineffectiveness for failing to file a post-sentence motion is deemed preserved, Appellant's sworn statements from his guilty plea hearing contradict any claim that the plea was unknowing or involuntary. During the hearing, the Commonwealth referenced the terms of the negotiated plea as follows: Appellant enters a plea to one consolidated count of attempted robbery, with a negotiated sentence of 6 to 20 years' imprisonment, all other counts dropped, and a recommendation that Appellant be housed at SCI Chester. N.T., 8/15/18, at 3. The plea was initially to include a concurrent sentence for one count of possession of a controlled substance due to Appellant's having certain pills in his possession at the time he was arrested, but the Commonwealth agreed to withdraw this count after Appellant objected, stating that he had a valid doctor's prescription for those pills. **Id.** at 4, 12-16. The lower court then asked Appellant:

> THE COURT: Regarding what we're doing in court here today, the entry of your plea and the sentence you've negotiated, have you heard, do you understand, and do you agree with the terms of the guilty plea?
>
> [Appellant]: Yes.

*Id.* at 11. The court discussed the written guilty plea form that Appellant had filled out with the assistance of counsel, asking Appellant if he understood the guilty plea documentation and that certain rights are waived by the entry of a plea. *Id.* at 12. After the Commonwealth agreed to withdraw the possession charge, the court continued:

> THE COURT: As far as the Attempted Robbery goes[,] do you understand – let me finish. Do you understand that by pleading guilty to Robbery that you're saying that the affidavit – that you did the things stated in the affidavit regarding the Robbery?
>
> [Appellant]: Correct.
>
> THE COURT: Okay. Now you also understand what you're pleading guilty to. You reviewed that with your attorney, the Attempted Robbery, you reviewed that with [defense counsel]. Do you understand the elements of Attempted Robbery and do you understand what you could potentially be exposed to, jail time, correct?
>
> [Appellant]: Yes, Your Honor.
>
> THE COURT: Okay. Hold on. Now you also understand – strike that. Okay. So you understand everything we're doing here today. I'll let you speak in a minute. You understand everything we're doing here today and you still wish me to proceed – you understand you want me to accept this plea, correct?
>
> [Appellant]: Yes, Your Honor.
>
> THE COURT: All right. [Defense counsel], is there a factual basis for the plea?
>
> [DEFENSE COUNSEL]: Yes.
>
> THE COURT: The affidavit?

[DEFENSE COUNSEL]: Yes. We would stipulate to the Affidavit of Probable Cause.

THE COURT: Based upon the stipulation of the affidavit[,] the [c]ourt hereby finds there's a factual basis for the plea. Now you've gone over this case with [Appellant], I know at length with him. In your opinion, is this a knowing, voluntary, intelligent plea on his behalf?

[DEFENSE COUNSEL]: It is, Your Honor.

THE COURT: All right. Based upon everything that's been entered before the [c]ourt in this matter, the [c]ourt will hereby accept this plea. Now, do you wish to move for immediate sentencing?

*Id.* at 16-17.[3]

It is well established that "[a] defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea." ***Commonwealth v. Jamison***, 284 A.3d 501, 506 (Pa. Super. 2022). Thus, when Appellant, while entering the plea, told the court that he agreed with the terms of the negotiated plea, he is bound by that statement; he cannot

_____

[3] We recognize that this discussion between Appellant and the court does not discuss the possible duration of his sentence, one of the subjects mentioned in the comment to Pa.R.Crim.P. 590 as required for a sufficient guilty plea colloquy. However, as this was always a plea for a negotiated sentence of 6 to 20 years, and Appellant was clearly aware that he would be incarcerated following his plea, this does not invalidate the guilty plea. ***See Hart***, ***supra*** at 668 (stating that a plea will not be deemed invalid by a defect in the plea colloquy if the defendant had a full understanding of the nature and consequences of his plea and knowingly decided to enter the plea); ***see also*** N.T. at 16-17 (the court's asking Appellant: "you understand [that] you could potentially be exposed to jail time" and Appellant's replying in the affirmative). Further, as noted, Appellant also completed a written guilty plea colloquy, in which Appellant stated that he was "fully satisfied" with counsel's representation, and which explained that attempted robbery has a maximum sentence of 20 years. Guilty Plea Statement, 8/15/18, at 2-3 (unnumbered).

simply say at a later time that he has changed his mind. *Id.* A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea, and that he knowingly and voluntarily decided to enter the plea. *Id.* The written and oral colloquies in this case demonstrate that Appellant knowingly, intelligently, and voluntarily entered his guilty plea.

Based on the foregoing, Appellant's claim that counsel acted ineffectively by failing to file a post-sentence motion to withdraw his plea is meritless. Appellant is not entitled to relief on his first issue.

In Appellant's second issue, he argues that his counsel's ineffectiveness rendered his guilty plea not knowing or intelligent because his attorney "placed Appellant under extreme duress" when convincing him to enter the negotiated plea. *See* Amended PCRA Petition at ¶ 7 ("On August 15, 2018, [Appellant's] father, who had a recent cancer diagnosis[,] was present. [Appellant] was put under duress to enter the plea when trial counsel told him that if he wanted to see his father again, he will take the deal.").

Notably, Appellant did not raise any claim of duress or unlawful inducement due to counsel's statement or his father's illness at the time of the plea hearing. At the hearing, Appellant never expressed reservations about pleading guilty, other than those related to the now-dropped possession charge. Appellant did not evince uncertainty about the negotiated sentence or concerns regarding the representation of his attorney during the plea negotiation process. Our review of the record indicates that at no point did

the court or trial counsel make any comments that could be interpreted as coercive. "The law does not require that [an appellant] be pleased with the outcome of his decision to plead guilty. The law requires only that [the appellant's] decision to plead guilty be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

As noted above, Appellant had signed a written plea colloquy prior to his hearing. Appellant also engaged in an oral colloquy with the lower court. Nowhere did Appellant state that he did not want to enter a plea and was only doing so because of pressure from counsel or due to his father's health. Indeed, if counsel had determined that there was no defense to Appellant's charges, an attempt to negotiate the best sentence that he could for Appellant through the plea process was highly appropriate. We cannot conclude that counsel's representation here is outside the range of competence demanded of attorneys in criminal cases. Appellant's displeasure at this late date with his conviction and sentence do not demonstrate any ineffectiveness by his trial counsel that would warrant a withdrawal of his plea.

Moreover, we note that any claim of ineffective assistance in connection with entry of the guilty plea would require Appellant to prove that counsel lacked a reasonable basis for his actions. However, "[a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010). Appellant apparently did not intend to call his trial

- 11 -

counsel as a witness to present testimony about plea negotiations, comments made to Appellant, or any trial strategies.[4] The failure to certify that trial counsel would testify, and to alert the court to the proposed testimony, was also fatal to this ineffectiveness claim.

Because Appellant's ineffectiveness claims are meritless and there are no genuine issues of material fact on this record, the court did not err in declining to conduct an evidentiary hearing. This is especially apparent where Appellant could not have called any witnesses at that hearing due to his lack of witness certifications. As we conclude that the PCRA court's decision is free from legal error and has support in the certified record, we affirm the order denying PCRA relief. **Brown**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2025

---

[4] Where a petitioner requests an evidentiary hearing under the PCRA, the petition shall include a certification stating each witnesses' name, address, date of birth, and a brief recitation of the substance of their proposed testimony. 42 Pa.C.S. § 9545(d)(1)(i). The failure to substantially comply with this requirement will render the proposed witness's testimony inadmissible. **Id.** at § 9545(d)(1)(iii). Appellant's purported reservation of the right to supplement his PCRA petition with proposed witness statements is wholly insufficient.